MEMORANDUM DECISION AND JUDGMENT ENTRY.
Plaintiff-appellee Gail Frazier filed a complaint against defendant-appellant Kalvoski Daniels, alleging that he was the father of her child, plaintiff-appellee Ryan C. Frazier, and seeking an order of child support. Daniels paid no support for the first fifteen months of the child's life. Subsequently, the parties entered into an agreement for temporary support, but they left the issue of permanent support for the juvenile court to decide. The court also determined the matter of retroactive support for the fifteen-month period following the child's birth, and Daniels has appealed that judgment to this court.
In Frazier v. Daniels (1997), 118 Ohio App.3d 425, 693 N.E.2d 289, we affirmed that part of the trial court's judgment ordering Daniels to pay $13,750 in retroactive support for the fifteen-month period following the child's birth. But we reversed that part of the trial court's judgment that ordered Daniels, a former professional baseball player, to fund a trust account for the child in the amount of $100,000 which was to be used only if the child's needs could not be met by the contemplated periodic payments of permanent support. We acknowledged that a court could order a lump-sum payment or the purchase of an annuity as support.Id. at 429, 430, 693 N.E.2d at 292. We went on to state that "the law clearly states that a lump-sum payment or an annuity is in lieu of periodic payments of support. We cannot see how Daniels can be required to fund this trust and make periodic payments of support. We hold that such a requirement is contrary to law."Id. at 430, 693 N.E.2d at 292. We remanded the case to the trial court for further proceedings.
On remand, the juvenile court vacated the order establishing the trust and set the matter for another hearing. After that hearing, the magistrate concluded that "[t]he Court of Appeals misinterpreted [the juvenile court's prior] decision, stating that the trial court only awarded $13,750.00 in back support and that the remainder was a `future needs' trust and was thus in conflict with the order to pay current support." He stated that the actual award was $113,750, which was structured in the form of a direct payment of $13,750 and $100,000 placed in trust. Consequently, the magistrate recommended that Daniels pay $113,750 directly to Gail Frazier in a lump sum, and he encouraged Frazier to purchase an annuity to protect her son's future needs. The magistrate also recommended a permanent support order of $1,195 per month. The juvenile court overruled the parties' objections and adopted the magistrate's report. This appeal followed.
Daniels presents two assignments of error for review. In his first assignment of error, he argues that the trial court erred in ordering him to pay $113,750 in retroactive support directly to Gail Frazier. We agree. Nowhere in the juvenile court's prior order did it state that it was making an award of $113,750 as retroactive support. To the contrary, it calculated the amount of $13,750 using the child-support worksheets and guidelines set forth in R.C. 2113.215 and then talked about the trust for the child's future needs. Our review of the record shows that we did not misinterpret the prior order. While we do appreciate what the juvenile court was trying to accomplish, our prior decision is the law of the case, and the juvenile court had no discretion to disregard our mandate. Nolan v. Nolan (1984), 11 Ohio St.3d 1,3-4, 462 N.E.2d 410, 412-413; Alexander-Patterson Assoc., Inc. v.The E.F. MacDonald Co. (Oct. 22, 1986), Hamilton App. No. C-850404, unreported. Consequently, we sustain Daniels's first assignment of error, and we reverse that part of the juvenile court's judgment ordering Daniels to pay $113,750 directly to Gail Frazier. Pursuant to App.R. 12(B), we enter the judgment the trial court should have entered, and we order Daniels to pay $13,750 in retroactive support.
In his second assignment of error, Daniels argues that the trial court erred in determining his income for the purposes of calculating current support. Our review of the record shows that the trial court made an appropriate determination of Daniels's income and properly calculated the amount of support due as required by R.C. 2113.251, particularly given Daniels's failure to cooperate and to provide all relevant information. See Marker v.Grimm (1992), 65 Ohio St.3d 139, 601 N.E.2d 496; Murray v. Murray
(Feb. 8, 1999), Warren App. No. CA98-08-097, unreported. We cannot hold that the juvenile court's decision regarding current support was so arbitrary, unreasonable or unconscionable as to connote an abuse of discretion, and we overrule Daniels's second assignment of error. See Pauly v. Pauly (1997), 80 Ohio St.3d 386,390, 686 N.E.2d 1108, 1111; Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218, 450 N.E.2d 1140, 1142. That part of the juvenile court's judgment concerning current support is, accordingly, affirmed.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment accordingly.
 Sundermann, P.J., Doan and Gorman, JJ.
To the Clerk:
Enter upon the Journal of the Court on March 5, 1999 per order of the Court _______________________________.
Presiding Judge