OPINION
Defendant-Appellant, Steven Buck ("Appellant"), appeals the Logan County Court of Common Pleas' award of child support to Plaintiff-Appellee, Aimie Klinger (n.k.a. Aimie Varner). For the following reasons, we affirm the judgment of the trial court.
The pertinent facts of the case are as follows. Appellant and Appellee are the natural parents of a child born on August 8, 1991. Shortly after the child's birth, Appellee was granted sole custody of the child.
On February 13, 1993, Appellant was ordered to pay child support of seventy dollars per week. Four years later, on March 27, 1997, Appellee filed a petition with the Logan County Child Support Enforcement Agency ("CSEA") requesting a modification of child support.[1] At the time of Appellee's request for a modification of child support, Appellant's yearly income was $42,276. Meanwhile, Appellee's yearly income was $27,352.
The CSEA conducted a review of the matter on June 3, 1997 and recommended that Appellant's child support obligation be increased to $572 per month, plus a CSEA service fee. The CSEA also recommended that Appellant's modified child support payments commence June 3, 1997.
On August 4, 1997, Appellant filed a motion for a reallocation of parental rights and responsibilities. On September 24, 1997, Appellant became the father of another child.[2] The birth of the new child resulted in a decrease in Appellant's child support obligation to Appellee. Specifically, the CSEA recommended a new child support obligation of $544.67 per month commencing September 24, 1997.
The parties eventually agreed to raise their biological child pursuant to a shared parenting plan. On March 26, 1998, a shared parenting decree was filed with the trial court. The parties, however, were unable to agree upon the issue of child support. Therefore, pursuant to the provisions of the shared parenting plan, the parties submitted that issue to the trial court.
Pursuant to Appellee's initial request for a modification of child support, the magistrate assigned to the case recommended an increase in Appellant's child support obligation. However, the magistrate also recommended a 19.6 percent downward adjustment in Appellant's child support obligation based upon the increase in time Appellant spends with his child pursuant to the new shared parenting arrangement.
On November 1, 1998, the trial court adopted the initial findings and recommendations of the magistrate. Specifically, the trial court ordered Appellant to pay new child support in the amount of $134.90 per week from June 3, 1997 to September 24, 1997.[3] Appellant was also ordered to pay $128.90 per week from September 24, 1997 to January 1, 1998.[4] Finally, the trial court ordered that, effective January 2, 1998, a 25 percent downward adjustment in child support was appropriate under the circumstances.[5] The trial court reasoned that such a downward adjustment in child support was appropriate given the additional time Appellant spends with his child pursuant to the shared parenting agreement.
Appellant now appeals, asserting the following two assignments of error.
Assignment of Error No. I
 The trial court erred in using the recommendations or findings of the Logan County Child Support Enforcement Agency hearing officer as the appropriate amount of child support from June 3, 1997 until January 2, 1998.
 Appellant asserts in his first assignment of error that the trial court erred in utilizing the recommendations of the CSEA in determining his child support obligation for the period June 3, 1997 to January 2, 1998.[6] For the following reasons, we do not agree.
It is well-settled that in reviewing matters concerning child support, the decision of the trial court should not be overturned absent an abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142. "The term 'abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1984), 5 Ohio St.3d 217, 219.
Appellant initially maintains that the trial court erred in adopting the recommendations of the CSEA given that the trial court itself had determined that the appropriate amount of child support should be $96.68 per week. Appellant's argument, however, fails for two reasons. First, the requisite change in circumstances set forth in the record entitles Appellee to an upward modification of child support.
According to R.C. 3113.215(B)(4), if an obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule and pursuant to the applicable worksheet. If that amount as recalculated is more than ten percent greater than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order. R.C. 3113.215(B)(4).
R.C. 3113.216 compels the CSEA to gather relevant financial information from the parties with regard to requests for modification of child support and then utilize the child support guidelines once the information is collected. See R.C. 3113.216; Mandich v. Mandich (Aug. 20, 1997), Medina App. No. 2622-M, unreported. The CSEA then submits the revised amount of child support for the court to utilize in making a final determination. Id. The ultimate responsibility for issuing a modified child support order rests with the common pleas court. Id.
In the case before us, the record establishes that the CSEA determined that an upward adjustment in child support was warranted under the circumstances. Having determined that an upward adjustment was proper, the trial court acted within its discretion in adopting the recommendations of the CSEA.[7]
Having reviewed the record in its entirety, we find no abuse of discretion in the trial court's determinations. For the reasons aforementioned, we find Appellant's proposition without merit. Accordingly, Appellant's first assignment of error is overruled.
Assignment of Error No. II
 The trial court erred in concluding that a downward adjustment of only 25 percent from the child support computation sheet was appropriate based upon the amount of time that the supported child spent with each parent.
 Appellant asserts in his second assignment of error that the trial court erred in imposing only a 25 percent downward adjustment in child support. For the following reasons, we do not agree.
We first note that the Supreme Court of Ohio in Pauly v. Pauly (1997), 80 Ohio St.3d 386 held that R.C. 3113.215(B)(6)(a) applies to child support under a shared parenting order and that child support in such circumstances must be calculated in accordance with the basic child support schedule and the worksheet set forth in division (E). The Court in Pauly, supra, also found that R.C. 3113.215(B)(6) does not provide for an automatic credit in child support obligations under a shared parenting order.
R.C. 3113.215(B)(6)(a) does, however, allow for a deviation from that amount of child support where the application of the schedule and the worksheet would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child. Id. at 389-90. Specifically, R.C. 3113.215(B)(6)(a) allows for a deviation under the following circumstances:
 [Where] the application of the schedule and the worksheet, through line 24, would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in division (B)(3) of this section * * *.
 Pursuant to R.C. 3113.215(B)(6)(b)(i), " 'extraordinary circumstances of the parents' " includes "[t]he amount of time that the children spend with each parent[.]" When deviating in this manner, the trial court must set forth findings of fact supporting the determination. R.C. 3113.215(B)(6)(a).
In the matter before us, the magistrate found that a 19.6 percent downward adjustment from the child support worksheet was appropriate under the circumstances. The trial court, however, found that such a downward adjustment does not adequately reflect the additional time Appellant spends with his child pursuant to the shared parenting agreement. Therefore, the trial court held that a 25 percent downward adjustment was in order.
Appellant now asserts that the 25 percent downward adjustment is inadequate under the circumstances. Specifically, Appellant maintains that he cares for the child 50 percent of the time and, therefore, he feels that a 40 percent downward adjustment in support is appropriate. Appellant also contends that Appellee should not be given credit for taking care of the child while the child is in school.
As we previously stated, in reviewing matters concerning child support, the decision of the trial court should not be overturned absent an abuse of discretion. Booth,44 Ohio St.3d at 144. Therefore, we give much deference to the trial court's determinations upon these matters.
First, we reject Appellant's assertion that Appellee does not per se "care for the child" when the child is present in school. Appellee maintains continuous direct parental responsibility for the child while the child is in school. Further, upon a review of the record, we find that a 25 percent downward adjustment in support is adequate under the circumstances and that the trial court was well within its discretion in reaching that conclusion. For the foregoing reasons, we find that Appellant's proposition lacks merit.
 Accordingly, Appellant's second assignment of error is overruled.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.
[1] Appellant's child support obligation had remained the same since the initial support order of February 13, 1993.
[2] The child's birth mother is unrelated to the present action.
[3] This period represents the time between the CSEA review and the birth of Appellant's new child.
[4] This period represents the downward adjustment or deduction due to the birth of Appellant's new child.
[5] The 25 percent decrease in Appellant's child support obligation is the result of the implementation of the shared parenting arrangement and produces a modified child support obligation of $96.68 per week, commencing January 2, 1998 ($128.90 per week less 25% = 96.68 per week).
[6] We note that Appellant's 25 percent downward adjustment commenced on January 2, 1998.
[7] For the reasons stated in assignment of error number two, we also hold that a 25 percent downward adjustment in Appellant's child support obligation was not an abuse of discretion.