OPINION
Plaintiff, Scott McKnight, and defendant, Lori McKnight, were wed on January 30, 1996. The couple had one child, Haley Nicole McKnight, who was born on July 21, 1996.
Plaintiff filed for a divorce from the defendant on February 4, 1998. The parties negotiated a companionship schedule which was incorporated by the trial court into a shared parenting plan on December 1, 1998. While the parties were able to agree upon a companionship schedule, they were not able to reach an agreement on the amount of child support, nor to whom the income tax exemption for Haley would be allowed. On January 6, 1999, those issues were tried before the Franklin County Court of Common Pleas, Division of Domestic Relations, and that court rendered a decision thereon on March 19, 1999. Defendant now appeals raising the following two assignments of error:
 1. The Trial Court abused its discretion in the March 19, 1999, Judgment Entry/Decree of Divorce * * * by failing to follow [R.C.] 3113.21.5(B)(1)(a) and finding that the father is entitled to a deviation from the basic child support calculation.
 2. The Trial Court has abused its discretion in the March 19, 1999, Judgment Entry/Decree of Divorce * * * by failing to provide the tax dependency exemption to the mother so it could provide the greatest benefit to the child.
In her first assignment of error, defendant maintains that the trial court erred when it ordered a downward deviation in the guideline child support payment owed by the plaintiff. When reviewing an award of child support, the trial court's decision will not be disturbed absent a showing of an abuse of discretion.Pauly v. Pauly (1997), 80 Ohio St.3d 386. See Booth v. Booth
(1989), 44 Ohio St.3d 142, 144 "[W]e believe that common sense and fundamental fairness compel the application of the `abuse of discretion' standard in reviewing matters concerning child support and visitation rights. As this court has held many times, an "`abuse of discretion" * * * implies that the court's attitude is unreasonable, arbitrary or unconscionable. * * *'"
A trial court must follow R.C. 3113.21.5 when it calculates child support. Rock v. Cabral (1993), 67 Ohio St.3d 108,110. R.C. 3113.21.5 contains a schedule and worksheets used to determine the amount of support that would be in the best interest of the child. R.C. 3113.21.5(B)(1) provides:
 (B)(1) In any action in which a child support order is issued or modified * * * the court * * * shall calculate the amount of the obligor's child support obligation in accordance with the basic child support schedule in division (D) of this section, the applicable worksheet in division (E) or (F) of this section, and the other provisions of this section, shall specify the support obligation as a monthly amount due, and shall order the support obligation to be paid in periodic increments as it determines to be in the best interest of the children. * * *
While the amount of support that is payable is rebuttably presumed to be the correct amount of child support due, pursuant to the basic support schedule contained in R.C. 3113.21.5(D) and the worksheets contained in division (E) or (F) of that section, a court may deviate from that amount provided both of the following apply:
 (a) The court, after considering the factors and criteria set forth in division (B)(3) of this section, determines that the amount calculated pursuant to the basic child support schedule * * * would be unjust or inappropriate and would not be in the best interest of the child. [and]
 (b) The court enters in the journal * * * its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination. [R.C. 3113.21.5(B)(1)(a) and (b).]
When determining whether or not the guideline amount is unjust or inappropriate, the trial court is guided by sixteen factors set forth in R.C. 3113.21.5(B)(3). Specifically:
 (3) * * * In determining whether [the guideline] amount would be unjust or inappropriate and would not be in the best interest of the child, the court may consider any of the following factors and criteria:
(a) Special and unusual needs of the children;
 (b) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;
(c) Other court-ordered payments;
 (d) Extended times of visitation or extraordinary costs associated with visitation, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet in division (E) of this section, through line 24, or in division (F) of this section, through line 23, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of companionship or visitation granted by court order;
 (e) The obligor obtains additional employment after a child support order is issued in order to support a second family;
 (f) The financial resources and the earning ability of the child;
(g) Disparity in income between parties or households;
 (h) Benefits that either parent receives from remarriage or sharing living expenses with another person;
 (i) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;
 (j) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;
 (k) The relative financial resources, other assets and resources, and needs of each parent;
 (l) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;
 (m) The physical and emotional condition and needs of the child;
 (n) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;
 (o) The responsibility of each parent for the support of others;
(p) Any other relevant factor.
In its decree and judgment entry of divorce, the trial court found that the plaintiff works two jobs and has extensive personal debt. Specifically, the court found that plaintiff primarily works as a draftsman, earning a base salary of $22,800 a year. However, plaintiff also works a second job as a bartender, earning approximately $18,000 annually. Plaintiff owes the Internal Revenue Service $10,000, payable at the rate of $250 a month, and $34,000 for student loans, payable in $350 monthly installments. In addition to not having any available savings with which to pay his debt, plaintiff has all of the normal expenses associated with maintaining a household.
Based upon the Child Support Guidelines, the court found that plaintiff's monthly child support payment amounts to $640. However, the court concluded that a downward deviation in that amount is warranted. In support of that determination, the trial court made the following findings:
 The Court finds that according to the Child Support Guidelines and based on both of [plaintiff's] jobs, the monthly child support payment would equate to $640.00 per month for the support of Haley. However, the Court believes that a deviation in the child support is justified. First, [defendant] will receive a fairly substantial amount of child support tax free. [Plaintiff's] tips and an occasional bonus from his architectural firm are not necessarily consistent nor guaranteed. Additionally, [plaintiff's] IRS debt cannot be discharged in bankruptcy and he further has significant student loans that he is burdened with. To enable him to have enough excess income left over after he pays child support and taxes and his exorbitant debts, so that he may provide a suitable home, toys, gifts and annual vacations for Haley, the Court believes a deviation in the Guideline Support would be justified. The Court finds it is in the best interest of Haley in the long run and presently, for her father to receive a deviation in child support.
Having fully reviewed the record, we do not find the trial court's ruling to be either unreasonable or arbitrary. Based upon the court's findings, many rational alternative conclusions could be reached. As such, we find no abuse of discretion, for when applying the abuse of discretion standard, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138. Finding no abuse of discretion, defendant's first assignment of error is overruled.
In her second assignment of error, defendant asserts the trial court abused its discretion when it allocated the benefit of the income tax deduction for Haley to the plaintiff. A trial court may award income tax dependency exemptions to noncustodial parents when doing so will produce a net tax savings for the parents and, thus, further the best interest of the child. Singerv. Dickinson (1992), 63 Ohio St.3d 408, paragraph two of the syllabus. In this case, plaintiff's income places him into a higher tax bracket than the defendant. Thus, by allowing the plaintiff the tax exemption, a net tax savings will be realized.Id. at 415, citing Bobo v. Jewell (1988), 38 Ohio St.3d 330, 333.
We are unable to find that the trial court's decision to award plaintiff the income tax deduction amounted to an abuse of the trial court's discretion. Accordingly, defendant's second assignment of error is overruled.
For the foregoing reasons, both assignments of error are overruled, and the judgment of the Franklin County Court Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
BOWMAN, P.J., and LAZARUS, J., concur.