OPINION
Appellant Gill Steele ("Steele") appeals the judgment of the trial court ordering him to pay $434.43 per month in child support for his child, Aniesha Anderson ("Aniesha"). Steele's paternity of Aniesha was established by way of an agreed entry filed April 15, 1985 in the Juvenile Division of the Montgomery County Common Pleas Court. At that time, he was ordered to pay child support of twenty dollars per week. In 1990, Aniesha was removed from the custody of her mother, Anita Anderson ("Anderson") and placed with a maternal aunt. As a result of this custody change, the original support order was terminated and the maternal aunt was established as a new payee for support. On April 1, 1998, the court returned custody of Aniesha to Anderson, but no support was ordered at that time.
Thereafter, a motion to establish support was filed on behalf of Anderson requesting an order for Steele to pay an appropriate amount of support for Aniesha. A hearing was held on this matter on March 25, 1999 before Magistrate Wolf of the Juvenile Court. At the hearing, Anderson presented testimony that she was disabled and unemployed, collecting $500 per month from Social Security, $447 from Aid to Dependent Children ("ADC"), and $214 in food stamps. Further, she advised the court that she had three other natural-born children in her home, none of whom received support from their fathers. Anderson testified that her rent was $220 per month and her utilities were approximately $160.
Steele testified at the hearing that he received a base income from RTA of $36,837.71 per year. Additionally, he explained that he routinely worked overtime in the past amounting to an additional $13,000 to $14,000 per year, but would not be able to continue at that rate this year. Steele explained the reduction in overtime by claiming that RTA had made less available to employees and that he was diagnosed with high blood pressure and high cholesterol. However, he admitted that he had worked thirty-two hours in overtime so far in 1999.
In addition to his testimony regarding income, Steele testified as to additional expenses outside the normal household bills. He advised that he had $56,000 in credit card debt that had accumulated over several years, and requested the court to make a setoff for this debt. Additionally, Steele pays $6193 annually in child support for two other children that live outside his home. Steele also expressed his concern during this hearing that he would be the only person paying child support into a home with three other children.
Magistrate Wolf rendered her decision on May 5, 1999 ordering Steele to pay child support of $434.43 per month. The magistrate included only $3400 of overtime in Steele's income due to the reduction he expected this year. Since Steele had worked thirty-two hours of overtime during the first quarter of the year, she determined one hundred and twenty-eight hours of overtime would be the average he would work over the entire year. This amounted to $3400. Additionally, the magistrate considered as a setoff the $6193 paid to Steele's two other children, as well as a ten percent setoff for the large credit card debt Steele had incurred.
Following the magistrate's decision, Steele filed objections to the trial court arguing the magistrate should have made deviations from the child support order for several reasons. First, he objected that a deviation was not made based upon the fact the child had only been in Anderson's home for a year. Second, Steele contended there should be a deviation because Anderson had three other children living in the home and there was no guarantee his money would not also support those children. Finally, Steele claimed that based on Anderson's expenses, there was no need for him to pay child support. On September 8, 1999, the trial court overruled all of Steele's objections and adopted the magistrate's decision in full.
Steele timely appeals this decision of the trial court raising the following assignments of error:
 The trial court erred in finding no reason to deviate from the child support guidelines and the amount is unjust and inappropriate under the statute.
 The trial court abused its discretion when it failed to deviate from the child support guidelines and find the monthly child support of $434.43 to be unjust and inappropriate in light of Mr. Steele's financial difficulties.
Both of these assignments of error essentially encompass the same issues and therefore will be addressed together.
It is well-settled that a trial court has broad discretion in determining child support obligations, and the decision will not be disturbed absent an abuse of that discretion. Pauly v. Pauly
(1997), 80 Ohio St.3d 386, 390. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. We must therefore determine if the trial court's decision ordering child support of $434.43 was unreasonable, arbitrary or unconscionable.
Steele claims that the trial court did not properly consider all of the factors found in R.C. 3113.215(B)(3) in establishing child support. In this regard, Steele cites the following subsections of the statute as pertinent to his case:
 The court, in accordance with divisions (B)(1) and (2)(c) of this section, may deviate from the amount of support that otherwise would result from the use of the schedule and the applicable worksheet * * *, in cases in which the application of the schedule and the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child. In determining whether that amount would be unjust or inappropriate and would not be in the best interest of the child, the court may consider any of the following factors and criteria:
* * *
(c) Other court-ordered payments;
* * *
 (k) The relative financial resources, other assets and resources, and needs of each parent;
* * *
(p) Any other relevant factor.
In his brief, Steele cites several facts to support his allegation that the trial court abused its discretion by failing to utilize the above factors to deviate from the child support schedule. First, he contends the trial court did not consider his child support obligations to his other children, or his financial difficulties owed in part to his $56,000 credit card debt. Additionally, Steele challenges that Anderson does not need the money based on her expenses, and that she will use the money in part to support her other three children.
As a preliminary matter, we are not required to address whether the trial court considered Steele's other child support obligations or his financial debt, as it was not raised in his objections filed below. Civ.R. 53(E)(3)(b) states: "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." When Steele filed objections to the magistrate's decision pursuant to Civ.R. 53 on May 18, 1999, he failed to raise an objection concerning his financial obligations. Therefore, he cannot now raise this issue on appeal. The failure to comply with Civ.R. 53 precludes relief from this court in the absence of civil "plain error".
Notwithstanding this procedural error, we would nonetheless find no abuse of discretion by the trial court in considering Steele's financial obligations. The magistrate deducted from the child support calculations the total amount of support Steele pays for his other children. Further, the calculation provided for a ten percent setoff due to Steele's voluntary credit card debt, which is not required under the statute. Both of the issues raised by Steele regarding his own financial obligations were adequately addressed by the trial court.
Finally, we find no abuse of discretion by the trial court in its decision regarding Anderson's need for the support funds, and any potential use of the funds to support her other children. In his brief, Steele pointed out the three factors in R.C.3113.215(B)(3) that he felt the court should have considered in determining the amount of support. We believe these were properly considered by the trial court. However, Steele fails to recognize several other factors listed, such as:
(g) Disparity in income between parties or households;
* * *
 (l) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;
* * *
 (o) The responsibility of each parent for the support of others;
We find the trial court examined all factors listed in R.C.3113.215(B)(3) in calculating Steele's child support obligation. Anderson was entitled to a setoff for her obligations to her other children, just as Steele was entitled to a setoff for his. Steele also raises the classic objection of an obligor that the obligee will use the child support payments for something other than support of his child. However, it is impossible for a court to police exactly how the funds are used without some evidence of a violation of the court order. Speculation by the obligor as to future use of the support funds is certainly an insufficient argument for the trial court to entertain.
Based on the foregoing, we find the trial court's order was not arbitrary, unreasonable or unconscionable, and therefore no abuse of discretion occurred. Accordingly, both assignments of error are overruled and the judgment of the trial court isaffirmed.
GRADY, P.J., and FAIN, J., concur.