OPINION
Defendant-appellant, Ronald J. Rafferty, Jr., appeals the decision of the Columbiana Court of Common Pleas, Division of Domestic Relations, ordering him to pay $7,690.38 in child support annually.
At the outset we note that plaintiff-appellee, Sandra L. Rafferty, failed to file a brief in this matter. Therefore, according to App.R. 18 (C), we may accept appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action.
Appellant and appellee were granted a divorce on September 1, 1999. All issues in the divorce were settled except for the amount of child support to be paid.
The parties stipulated to the following facts. They agreed to a shared parenting plan whereby the parties' two minor children will reside with each parent approximately half of each year. Appellant earns approximately $92,000 per year while appellee earns approximately $34,300 per year. Appellee pays approximately $1,512 annually in childcare expenses and approximately $514 for the children's health insurance. Each party maintains an adequate residence and such items of personal property as necessary to provide appropriate housing for the children. Appellant is to pay appellee spousal support in the amount of $300 per month. Appellee submitted a child support computation worksheet to the trial court, in which she was designated the residential parent, which provided a 50 percent credit to appellant based on the shared parenting plan. Appellant submitted two worksheets, one in which appellee was designated the residential parent and one in which he was designated the residential parent. Appellant proposed that the correct way to compute the child support was to multiply the support obligations by .50, since the children would be with each parent half of the year, and subtract appellee's obligation from his obligation to obtain the amount owed to appellee by appellant.
The trial court determined that appellee's proposed child support computation worksheet was the correct method to use, and ordered child support in accordance therewith. The computation works out to $320.43 per month per child or $7,690.38 total per year. Appellant timely filed his notice of appeal on September 8, 1999.
Appellant's sole assignment of error states:
 "THE TRIAL COURT ABUSED ITS DISCRETION BY THE METHOD SELECTED TO DETERMINE THE CHILD SUPPORT PAYABLE BY THE PARTIES, BASED UPON THE PARTIES' SHARED PARENTING AGREEMENT."
Appellant argues that since both parties are equally responsible for the care and maintenance of their children, they should both be considered residential parents. He argues that the trial court's method of calculating child support is unfair to him because it does not require appellee to contribute to the support of the children while they are in his care.
Appellant argues that the child support should have been calculated as if both parties were residential parents. Appellant alleges that if he were the sole residential parent, appellee would owe a monthly child support obligation of $349.02 and if appellee were the sole residential parent, appellant would owe a monthly support obligation of $1,267.06. Appellant contends that since the children will spend half of the year with him and half with appellee, the above amounts should be multiplied by six months. This equals an annual obligation for appellant of $7,602.36 and for appellee of $2,094.12. Appellant then asserts that the amounts should be offset against each other which would result in appellant owing appellee $5,508.24 annually.
Appellant cites to the case of Luke v. Luke (Feb. 20, 1998), Lake App. No. 97-L-44, WL 172813, unreported, where the Eleventh District held that both parents in a shared parenting plan are required to pay child support. The court in Luke
further held that one of the obligations should be offset from the other. Id.
Upon review, a trial court's decision regarding child support will not be disturbed absent a showing of abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion connotes more than an error of judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
The Ohio Supreme Court addressed the issue of child support obligations under shared parenting plans in Pauly v. Pauly
(1997), 80 Ohio St.3d 386. There the court held:
 "R.C. 3113.215 (B) (6) does not provide for an automatic credit in child support obligations under a shared parenting order. However, a trial court may deviate from the amount of child support calculated under R.C. 3113.215 (B) (6) if the court finds that the amount of child support would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child." Id. at syllabus.
R.C. 3113.215 (B) (6) (a) sets out the guidelines for determining child support obligations when a shared parenting plan is involved. It states:
 "If the court issues a shared parenting order in accordance with section 3109.04 of the Revised Code, the court shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in division (E) of this section, through line 24, except that, if the application of the schedule and the worksheet through line 24, would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in division (B) (3) of this section, the court may deviate from the amount of child support that would be ordered in accordance with the schedule and worksheet, through line 24, shall consider those, extraordinary circumstances and other factors or criteria if it deviates from that amount, and shall enter in the journal the amount of child support calculated pursuant to the basic child support schedule and pursuant to the applicable worksheet, through line 24, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination."
R.C. 3113.215 (B) (6) (b) lists "extraordinary circumstances of the parents" as including the amount of time that the children spend with each parent, the ability of each parent to maintain adequate housing for the children, and each parent's expenses.
In the present case, the trial court found that there was a wide disparity of income between the parties. (Opinion and Judgment Entry of July 19, 1999). Appellant's income is approximately $92,000 per year, while appellee's income is approximately $34,300 per year. Disparity in income between the parties is one of the factors listed in R.C. 3113.215 (B) (3) for the court to consider when contemplating deviation from the amount of child support that would be required by the worksheet.
This court has stated that, "[A] trial court may deviate from the child support guidelines if the deviation is in the best interest of the child." Dobran v. Dobran (May 2, 1996), Mahoning App. No. 93-CA-253, WL 227768, unreported (emphasissic.). The trial court concluded that it would be in the best interest of the children for appellee to have additional support for them due to the disparity in income between the parties. The court agreed with appellee's worksheet (exhibit A) which calculated that appellant's actual annual obligation is $15,380.75 (line 24). This amount is then prorated per appellant's time of possession so that appellant's annual obligation is $7,690.38 (line 26). Since the children spend approximately six months with appellee and six months with appellant the amount from line 24 was divided in half to coincide with the amount of time the children spend with each parent.
Appellant argues that his obligation should be offset against a child support obligation that appellee owes to him. However, the statute permits the court to deviate in the best interest of the children when other factors and criteria present themselves that leads the court to determine that it would be unjust or inappropriate not to deviate. The trial court's objective was to be fair to the children while realizing that at least one of the "new households" would be economically worse off than the previous unified household prior to the divorce. For the foregoing reasons, the trial court did not abuse its discretion.
Appellant's sole assignment of error is without merit.
Accordingly, the decision of the trial court is hereby affirmed.
Cox, J., concurs, Vukovich, J., concurs.
 ____________________ Gene Donofrio, Judge