[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 386.]

PAULY, APPELLANT, *v.* PAULY, N.K.A. CLINGER, APPELLEE.

[Cite as *Pauly v. Pauly*, 1997-Ohio-105.]

*Domestic relations—R.C. 3113.215(B)(6) does not provide for an automatic credit in child support obligations under a shared parenting order—Trial court may deviate from the amount of child support calculated under R.C. 3113.215(B)(6), when.*

R.C. 3113.215(B)(6) does not provide for an automatic credit in child support obligations under a shared parenting order. However, a trial court may deviate from the amount of child support calculated under R.C. 3113.215(B)(6) if the court finds that the amount of child support would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child.

(No. 96-1329—Submitted October 7, 1997—Decided December 10, 1997.)

APPEAL from the Court of Appeals for Lucas County, No. L-95-293.

————————————

{¶ 1} Appellant, Timothy B. Pauly, and appellee, Patricia Clinger (formerly known as Patricia Pauly), were divorced on February 21, 1995. Pursuant to the divorce decree, the parties entered into a shared parenting plan to take care of their two minor children, Bennett M. Pauly, then age four, and Nicole K. Pauly, then age three. Under the plan, the children were to reside primarily with their mother. However, they would stay with their father on alternating Thursdays from 4:30 p.m. until 9:00 p.m., on each succeeding alternating Wednesday from 4:30 p.m. to 9:00 p.m., and on alternate weekends from 4:30 p.m. Friday until 9:00 p.m. Sunday. A court schedule was set up for holidays and vacations. The shared parenting plan also provided that appellant was entitled to claim both children as dependents for

income tax purposes. Furthermore, appellant was ordered to pay $183.38 per month in child support.

{¶ 2} On May 8, 1995, appellee filed a motion to increase the amount of child support.[1] A hearing was held before a magistrate, who issued findings of fact and conclusions of law. The magistrate used the basic child support guidelines and the standard child support worksheet to calculate the amount of child support appellant owed, which he determined was $376.42 per month. The trial court adopted the magistrate's decision. Appellant objected on the basis that he was entitled to a credit against the amount of child support he owed for the time his children resided with him, which went beyond the shared parenting plan schedule. The trial court, finding no reason to deviate from the standard child support computation, rejected this objection and ordered that appellee's motion for increased child support be granted.

{¶ 3} The Court of Appeals for Lucas County affirmed. It held that, with respect to a shared parenting order, R.C. 3113.215 does not provide for an automatic setoff to a parent's child support obligation for the time the child resides with such parent.

{¶ 4} The cause is now before this court upon the allowance of a discretionary appeal.

————————————

*Timothy M. Coughtrie* and *Mark A. Robinson,* for appellant.

*Kevin P. McManus,* for appellee.

*David J. Fallang,* urging reversal for *amicus curiae,* David J. Fallang.

————————————

**FRANCIS E. SWEENEY, SR., J.**

—————————————

1. Appellee also filed a motion to divide the tax exemption, which the magistrate denied. However, the parties subsequently agreed to divide the tax exemption.

**{¶ 5}** The issue before this court is whether a parent paying child support under a shared parenting plan is entitled to an automatic credit for the time his children reside with him. For the reasons that follow, we hold that a parent is not entitled to an automatic credit.

**{¶ 6}** R.C. 3113.215 sets forth the scheme a court must follow in calculating and ordering child support. Appellant argues that pursuant to R.C. 3113.215(C), he is entitled to an automatic credit in his child support payments for the time his children reside with him.

**{¶ 7}** R.C. 3113.215(C) provides: "Except when the parents have split parental rights and responsibilities, a parent's child support obligation for a child for whom the parent is the residential parent and legal custodian shall be presumed to be spent on that child and shall not become part of a child support order, and a parent's child support obligation for a child for whom the parent is not the residential parent and legal custodian shall become part of a child support order. If the parents have split parental rights and responsibilities, the child support obligations of the parents shall be offset, and the court shall issue a child support order requiring the parent with the larger child support obligation to pay the net amount pursuant to the child support order. * * *"

**{¶ 8}** Although some appellate courts have applied R.C. 3113.215(C) to cover shared parenting orders and have held that an automatic credit is warranted under the statute (see, *e.g., Weddell v. Weddell* [June 29, 1994], Montgomery App. No. 14274, unreported, 1994 WL 312933; *Gillum v. Malishenko* [July 19, 1996], Greene App. No. 95 CA 114, unreported, 1996 WL 402338), we believe that R.C. 3113.215(B)(6)(a), rather than R.C. 3113.215(C), should be used to compute child support payments under a shared parenting order.

**{¶ 9}** R.C. 3113.215(B)(6)(a) expressly states that if the court issues a shared parenting order, the court shall calculate child support in accordance with the child support schedule and worksheet set forth in division (E) of the statute,

through line 24 (the annual obligation), and that it may deviate from that amount under certain circumstances.[2] In contrast, R.C. 3113.215(C), which appellant urges this court to apply, does not even mention the term "shared parenting order." Instead, it provides for the right to an offset in child support obligations where the parties have "split parental rights and responsibilities," which by definition differs from a shared parenting arrangement. "Split parental rights and responsibilities" applies where "there is more than one child who is the subject of an allocation of parental rights and responsibilities and each parent is the residential parent and legal custodian of at least one of those children." R.C. 3113.215(A)(8). See, *e.g., Beckley v. Beckley* (1993), 90 Ohio App.3d 202, 628 N.E.2d 135, a split custody case where each parent had custody of at least one child. This is in contrast to a shared parenting order where there may only be one child involved. Also, in a case of split parental rights and responsibility, child support is calculated using a different worksheet than is used in a shared parenting case. R.C. 3113.215(F). The worksheet in division (F), used for split parental rights and responsibilities, contains a setoff provision at line 24 so that the obligor's support obligation is automatically reduced. This differs dramatically from the worksheet prescribed in division (E), which contains no setoff provision and is specifically to be used in a shared parenting order. Given these differences, the right to a setoff under division (C) applies only to a parent with split parental rights and responsibilities, and not to a shared parenting situation.

---

2. R.C. 3113.215(B)(6)(a) provides: "If the court issues a *shared parenting order* in accordance with section 3109.04 of the Revised Code, the court shall order an amount of child support to be paid under the child support order that is calculated in accordance with the schedule and with the worksheet set forth in division (E) of this section, through line 24, except that, if the application of the schedule and the worksheet, through line 24, would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in division (B)(3) of this section, the court may deviate from the amount of child support that would be ordered in accordance with the schedule and worksheet * * *." (Emphasis added.)

{¶ 10} Appellant also argues that the first sentence of R.C. 3313.215(C) provides for a credit to the residential parent. This part of R.C. 3313.215(C) distinguishes between the child support obligations of a residential and a nonresidential parent. However, in a shared parenting arrangement, neither party is a nonresidential parent. Instead, under R.C. 3109.04(K)(6), both parents are considered residential parents at all times. Thus, this part of division (C) is likewise inapplicable to this case.

{¶ 11} Instead, we find that R.C. 3113.215(B)(6)(a), rather than R.C. 3113.215(C), applies to child support under a shared parenting order. Calculation of child support under R.C. 3113.215(B)(6)(a) is quite clear. Child support is calculated in accordance with the basic child support schedule and the worksheet set forth in division (E), through line 24 (the annual obligation). The statute allows for a deviation from that amount only where "the application of the schedule and the worksheet, through line 24, would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in division (B)(3) of this section * * *." "Extraordinary circumstances of the parents" is defined to include the amount of time the children spend with each parent, the ability of each parent to provide adequate housing for the children, and the amount of expenses each parent sustains. R.C. 3113.215(B)(6)(b)(i), (ii), and (iii).

{¶ 12} Appellant seeks an automatic credit for the time he has cared for his children. R.C. 3113.215(B)(6) does not provide for an automatic credit in child support obligations under a shared parenting order. However, a trial court may deviate from the amount of child support calculated under R.C. 3113.215 if the court finds that the amount of child support would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child. Thus, only after consideration of the extraordinary circumstances of the parents and other

factors set forth in R.C. 3113.215(B)(3) may a trial court deviate from the amount of child support listed in line 24 of the worksheet and reduce the obligor's child support obligations accordingly. Rather than requiring an automatic credit in all instances, this method permits a court to make an evaluation on a case-by-case basis and to deviate when it finds it is in the best interest of the child. In this manner, a court is able to take into account the specific facts of each case.

{¶ 13} We have held previously that "[t]he terms of R.C. 3113.215 are mandatory in nature and must be followed literally and technically in all material respects." *Marker v. Grimm* (1992), 65 Ohio St.3d 139, 601 N.E.2d 496, paragraph two of the syllabus. In this case, the magistrate complied with the requirements of R.C. 3313.215(B)(6)(a). The magistrate calculated the amount of child support by using the applicable schedule and worksheet. In his findings of fact and conclusions of law, the magistrate considered whether the extra time appellant spent with his children warranted a deviation from the amount of child support he was obligated to pay through line 24 of the child support worksheet. The magistrate found that the extra time appellant spent with them was not extensive. One long period of additional time was attributable to appellee's move with the children to a new residence. Since the time spent with the children did not constitute "extended times of visitation" or "extraordinary circumstances of the parents" under R.C. 3113.215(B)(3)(d) or (B)(6)(a), the magistrate concluded that there was no basis for a deviation from the child support computation. The trial court adopted this recommendation and the court of appeals affirmed.

{¶ 14} It is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028, 1030. In this case, the trial court followed the mandates of R.C. 3313.215(B)(6). Therefore, although appellant has undoubtedly taken an active role in caring for his children and has agreed to be with

them beyond the time limits of the court order, we cannot say that the trial court abused its discretion in refusing to deviate from the amount of child support calculated under the standard worksheet.

{¶ 15} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., LAZARUS, PFEIFER, COOK and LUNDBERG Stratton, JJ., concur.

DOUGLAS, J., not participating.

CYNTHIA C. LAZARUS, J., of the Tenth Appellate District, sitting for RESNICK, J.

_____