OPINION
Defendant-appellant, Mark Dildilian, appeals a decision by the Butler County Court of Common Pleas, Juvenile Division. We affirm.
Appellant and plaintiff-appellee, Sharlene Dildilian, were married on April 18, 1986 in Hamilton County, Ohio. The parties had one child, Lydia Dildilian ("Lydia"), born on August 11, 1988. The parties moved to Virginia and on July 25, 1994, a divorce decree was entered in the Circuit Court of Fairfax County, Virginia ("Virginia court"). The divorce decree included a "Separation, Support, Custody and Property Settlement Agreement" ("separation agreement") which was entered into by the parties on September 24, 1993. The separation agreement includes the following provisions:
 [Appellee and appellant] shall have joint legal custody of Lydia, and shall share full control and supervision of her care, guidance, maintenance and education, with [appellee] as primary physical custody [sic] of Lydia.
* * *
 The day-to-day decisions of a routine nature, ordinary medical care and schooling shall be made by [appellee]. [Appellee] shall consult with [appellant] on extraordinary happenings in Lydia's life, such as hospitalizations, medical treatments, educational decisions, both secular and religious, and moving Lydia from the Cincinnati, Ohio area.
The separation agreement also outlined a visitation schedule that allowed appellant to have visitation on alternating holidays. An addendum to the separation agreement stated that if appellant moved to within three hundred miles of appellee and Lydia: (1) visitation would include alternating weekends and (2) "issues of holiday visitation, summer visitation, and the sharing of costs for transportation would be renegotiated."
On August 23, 1994, appellee filed with the Butler County Juvenile Court: (1) a "Notice of Filing of Foreign Decree" pursuant to R.C. 3109.32, and (2) a "Registration of Foreign Support Order" pursuant to R.C. 3115.32(E). Appellee also filed an affidavit stating that she presently resided in Middletown, Ohio, and that appellant resided in Centerville, Ohio. Both filings contained copies of the Virginia divorce decree.
On May 15, 1995, appellant filed a motion with the juvenile court, and asked the court:
 1. For an order holding [appellee] in contempt of court for denial of visitation by [appellant] with [Lydia], as previously ordered by this Court.
* * *
 4. For an order establishing alternating weeks visitation with [Lydia] as originally anticipated by the joint custody arrangement.
 5. For a decrease in child support due to the shared parenting, and inherent sharing of expenses for [Lydia] as anticipated by shared parenting.
A hearing was held in the juvenile court on June 21, 1996, and appellant argued that the court should issue an order allowing him to have visitation of Lydia on alternating weeks. Appellee argued that appellant's proposal was not in the best interest of Lydia because it would require Lydia to move between the parties' residences every Friday. Appellee proposed that Schedule B be adopted by the court as the visitation schedule.[1] On June 21, 1996, the court found that the visitation schedule detailed in the addendum to the separation agreement was invoked because appellant had relocated to within three hundred miles of Lydia. The court then held:
 On motion for enlargement of visitation, the best interests of the child, absent any evidence presented as to changes of circumstances of the parties and child, would be served by the institution of schedule "B" which is the order of the court.
Appellant thereafter filed a motion to transfer the case to the Domestic Relations Court on December 23, 1996. On February 14, 1997, the Juvenile Court overruled appellant's motion to transfer the case, and adopted the June 21, 1996 entry as the court's final order. Appellant appeals this judgment entry and presents two assignments of error.
Assignment of Error No. 1:
 THE TRIAL COURT ABUSED ITS DISCRETION IN MODIFYING THE PARENTAL RIGHTS AND RESPONSIBILITIES UNDER THE SHARED PARENTING AGREEMENT PURSUANT TO THE MANDATES OF R.C. SEC. 3109.04.
Appellant argues that the trial court abused its discretion by modifying the parental rights and responsibilities contained in the divorce decree without a finding of a change in circumstances. Trial courts are given wide latitude in determinations regarding parental rights and responsibilities because the "trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." Fisher v. Campbell (June 23, 1997), Butler App. No. CA96-11-248, unreported, at 7-8, following Davis v. Flickinger (1997), 77 Ohio St.3d 415,418.
In Moore v. Moore (Dec. 29, 1997), Madison App. No. CA97-04-016, unreported, at 6, we held:
 [M]odification of visitation, upon a request by a nonresidential parent, is governed by R.C. 3109.051 and does not require proof of changed circumstances, only that the modification would be in the child's best interest.
In the present case, both parties requested a modification of visitation. Appellee's request that Schedule B be adopted as the visitation schedule for the parties was granted by the Juvenile Court, while appellant's proposal was denied. A review of Schedule B and the visitation plan outlined in the addendum to the separation agreement shows that the two plans are similar. Therefore, the trial court did not err in modifying the visitation schedule while also finding that a change in circumstances had not occurred.
Appellant also claims that the Virginia divorce decree is a shared parenting agreement. Modification of parental rights and responsibilities under a shared parenting agreement is controlled by R.C. 3109.04(E)(1)(a). Fisher, Butler App. No. CA96-11-248, at 6. A modification of a decree allocating parental rights and responsibilities pursuant to R.C. 3109.04(E)(1)(a) requires a finding of "change in circumstances." Davis, 77 Ohio St.3d 415, paragraph one of syllabus.
After reviewing the Virginia divorce decree, we find that the decree does not contain a shared parenting agreement. In a shared parenting arrangement, neither party is a nonresidential parent and both parents are considered residential parents at all times. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 388-89. The addendum to the separation agreement states that "[appellant] shall have visitation with [Lydia] as follows * * *." The addendum language is not indicative of appellant being designated a residential parent. Also, a review of the Virginia divorce decree does not disclose any language requiring "alternating weeks visitation" as appellant alleged in his motion filed on May 15, 1995.
We find that the Virginia divorce decree was not a shared parenting plan, and that the Juvenile Court did not have to make a finding of a change in circumstances in order to modify the visitation schedule. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE TRANSFER OF THE CASE TO DOMESTIC RELATIONS COURT, DESPITE THE FACT THAT THE DOMESTIC RELATIONS COURT HAD RETAINED CONTINUING JURISDICTION OVER THE CASE.
Appellant argues that the Butler County Juvenile Court erred in failing to relinquish jurisdiction to the Butler County Domestic Relations Court. Appellant claims that the Butler County Domestic Relations Court retained jurisdiction pursuant to an entry filed on May 3, 1993. We do not agree.
First, the record shows that these proceedings began with the filing of the Virginia divorce decree on August 23, 1994 in the Butler County Juvenile Court. This was a proper filing because a juvenile court has original jurisdiction under the Uniform Reciprocal Enforcement of Support Act ("URESA") which is contained in Chapter 3115 of the Revised Code. R.C. 2151.23(B) (3). Since the duty of support was based on a foreign support order, appellee could register the foreign support order in the juvenile court. R.C. 3115.32(B). Once the order was registered, the juvenile court treats the order as if the juvenile court had originally issued the order. Kries v. Kries (June 5, 1992), Lucas App. No. L-91-368, unreported, at 8.
Second, a certified copy of a parenting decree of another state may be filed in the office of the clerk of any court of this state that renders parenting decrees. R.C. 3109.32(A). A juvenile court has power to modify parenting decrees. In re Wright (May 27, 1997), Brown App. No. CA96-10-019, unreported. R.C.2151.23(F)(1) also makes it apparent that the legislature intended to allow juvenile courts to modify parenting decrees issued by other states.[2]
Third, a review of the domestic relations court entry dated May 3, 1993 shows that the domestic relations court acknowledged that proper jurisdiction rested with the Virginia court. The court's entry states:
 It appeared to the Court both the State of Ohio and Commonwealth of Virginia may have jurisdiction to rule on the issue of parenting determination (custody) pursuant to the UCCJA.
* * *
 Pursuant to the conversations between the Courts, this Court presently determines the Commonwealth of Virginia is a more appropriate Court and forum to determine the temporary custody or temporary residential parentage of the parties' minor child. This Court determines it shall be appropriate at this time to defer to the Virginia forum for such determinations.
Thereafter, the parties entered into a separation agreement on September 24, 1993, which was adopted as part of the divorce decree by the Circuit Court of Fairfax County, Virginia on July 25, 1994. Appellee was permitted to file the Virginia divorce decree in the juvenile court pursuant to R.C. 3115.32 and3109.32(A). If there were errors in the domestic relations court's determination that the Virginia court was the more appropriate court, the parties should have appealed the domestic relations court's decision. Squires v. Squires (1983), 12 Ohio App.3d 138,142.
Fourth, Civ.R. 75(I) states that continuing jurisdiction by a court can be invoked by motion filed in the original action. The original action in Ohio began when appellee filed the Virginia divorce decree with the juvenile court on August 23, 1994 pursuant to R.C. 3115.32 and 3109.32(A). Therefore, when appellant filed his motion on May 15, 1995, he invoked the continuing jurisdiction of the juvenile court pursuant to Civ.R. 75(I).
Fifth, we are also mindful that appellant chose to file his motion with the juvenile court on May 15, 1995. A review of the record shows that appellant decided to challenge the juvenile court's jurisdiction only after the juvenile court ruled on his motion unfavorably. It would be reasonable to conclude that appellant may not have challenged the juvenile court's jurisdiction if he had received a favorable ruling.
Accordingly, we find that the juvenile court did not err in overruling appellant's request to transfer the case to the domestic relations court. Appellant's second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., concurs.
WALSH, J., concurs in judgment only.
[1] Butler County Schedule B visitation guidelines allow the nonresidential parent visitation on alternating weekends, alternating holidays, for a period of two weeks during the summer, and for a period of five days during the Christmas recess.
[2] R.C. 2151.23(F)(1) states: "The juvenile court shall exercise its jurisdiction in child custody matters in accordance with sections 3109.04, 3109.21 to 3109.36, and 5103.20 to 5103.28
of the Revised Code." Sections 3109.21 to 3109.36 are the sections in which the Legislature adopted the Uniform Child Custody Jurisdiction Act ("UCCJA").