OPINION
Jeffrey Allen Goodwin appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Ashland County, Ohio, which modified his support obligation appellant must pay to appellee Lynn Ann Goodwin for the parties' minor child Brooke Marie. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY INCREASING THE AMOUNT OF CHILD SUPPORT PAID BY THE APPELLANT AFTER THE APPELLANT FILED A MOTION TO REDUCE CHILD SUPPORT.
The record indicates the parties entered into a separation agreement which provided appellant would pay $60.00 per week as child support, which represented one-half of the child care expenses, plus $15.00 per week in support paid to appellee. The parties also entered into a shared parenting plan which divided the other parental rights and responsibilities between the parties. Approximately a year later, appellant moved the court to modify his child support obligation, alleging a substantial change in circumstances. The matter was heard before a magistrate, who made findings of fact and conclusions of law in support of his decision. Appellant filed objections to the magistrate's report, and the trial court sustained the objections. However, the trial court's computation of appellant's child support obligation still resulted in an increase to $113.00 per week plus poundage. In Pauly v. Pauly (1997), 80 Ohio St.3d 386, the Ohio Supreme Court held R.C. 3113.21.5 (B)(6) must be used in calculating child-support obligations under a shared parenting order. The Supreme Court also held the trial court may deviate from the amount of child support calculated under the statute if the court finds the amount of child support would be unjust or inappropriate for the child, or either parent, and would not be in the best interest of the child. The Pauly court explained that under a shared parenting order, the court must calculate child support in accord with the basic child-support schedule through line 24, which is the actual annual obligation. The statute permits the court to deviate from that amount, and our review of the child support computation worksheet shows the trial court did the computations through line 24, and then adjusted appellant's yearly obligation downward by $1037.00. The trial court's judgment entry of July 23, 1999, stated the calculation reflected an adjustment of 15% for the extra time the father spent in excess of the shared parenting plan. The Supreme Court in Pauly reiterated its holding the terms of R.C. 3113.21.5 are mandatory and must be followed literally and technically in all material respects, Pauly at 389, citing Marker v. Grimm (1992), 65 Ohio St.3d 139. The Pauly court also reiterated its long-established rule a trial court's decision regarding child support obligations falls within the discretion of the trial court, and must not be disturbed absent a showing of abuse of discretion, Pauly at 390, citing Booth v. Booth (1989),44 Ohio St.3d 142 at 144. The Supreme Court has repeatedly defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary or unconscionable, see e.g. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Our review of the record leads us to conclude the trial court did not abuse its discretion in the manner in which it computed appellant's child-support obligation. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Ashland County, Ohio, is affirmed.
Milligan, V. J., concur Edwards, J., dissents