OPINION
Appellant, Christopher J. Aughney, appeals from the August 10, 2000 entry of the Henry County Court of Common Pleas, Domestic Relations Division, ordering him to pay child support in the amount of $930.14 per month, plus the processing fee, for his three children, Wesley, Daniel and Amber Aughney.
The facts relevant to this appeal are as follows. Appellant and appellee, Diane K. Schilling (fna Aughney), were divorced in 1992. Appellee was designated as primary residential parent of the parties' minor children and appellant was ordered to pay child support of $60 per week per child, plus poundage (now processing fee). Appellant's child support obligation was subsequently modified by the trial court to $85.17 per week per child, plus the processing fee, commencing September 28, 1995.
Apparently in response to appellant's request, the Henry County Child Support Enforcement Agency conducted an administrative review of the child support order. After that review, an administrative hearing was held and the hearing officer issued his decision on January 16, 1998. The hearing officer found that it was appropriate to impute minimum wage income to appellee in calculating and awarding child support. The hearing officer also found that the agency has no authority to deviate from the support guidelines in reviewing child support orders.
Appellant filed an objection to the Henry County Child Support Enforcement Agency administrative decision and requested a hearing on the issue of deviation. On July 6, 1998, a hearing was held before the trial court. The trial court issued a judgment entry which ordered appellant to pay child support of $730.40 per month, plus the processing fee.
On November 15, 1999, appellee moved under Civ.R. 60(B) for the court to journalize a nunc pro tunc entry correcting the child support figure. Following the filing of a "nunc pro tunc" entry which ordered appellant to pay $930.14 per month in child support, plus the processing fee, appellant appealed to this court. He presents the following assignment of error for our review:
 The court erred in the ruling of no deviation from defendant's income and imputing mother's income at zero was against the manifest weight of the evidence and an abuse of discretion.
As an initial matter, appellee argues that this court lacks jurisdiction to consider appellant's appeal from the subsequent "nunc pro tunc" entry. With respect to the earlier judgment, we note that appellee brought a Civ.R. 60(B) motion for relief from judgment which a petitioner ordinarily would assert to vacate that earlier judgment. Furthermore, although the trial court purportedly issued a subsequent "nunc pro tunc" entry, it was captioned as entry "modifying judgment rendered October 8, 1998" and was in effect a substantial change in the amount of child support that appellant would have to pay. Therefore, we find jurisdiction properly lies for consideration of the trial court's amended judgment entry. See R.C. 2505.02(B)(2).
In his assignment of error, appellant contends that the trial court erred by failing to consider his expenditures of uninsured medical expenses as a reason to deviate from the statutory child support guidelines. Specifically, appellant claims that the trial court did not properly consider the factors set forth in the following subsections of R.C. 3113.215(B)(3) as pertinent to his case to deviate from the statutory child support computation: (k) "The relative financial resources * * * and needs of each parent;" and (p) "Any other relevant factor."
The amount of child support calculated under R.C. 3113.215 is rebuttably presumed to be the correct amount of child support due. Rockv. Cabral (1993), 67 Ohio St.3d 108, 110. The statute allows a court to deviate from that amount only where, after consideration of the factors set forth in R.C. 3113.215(B)(3), it finds that the amount would be unjust or inappropriate and would not be in the best interest of the children. R.C. 3113.215(B)(1). In this manner, a court is able to take into account the specific facts of each case. See Pauly v. Pauly
(1997), 80 Ohio St.3d 386.
In the present case, the child support worksheet attached to the trial court's entry used an amount of $40,820 for appellant's annual gross income. See line 1a. of the worksheet. It is clear that the trial court determined appellant's income based upon his 1997 W-2 form. According to appellant's testimony at the July 6, 1998 hearing, his 1995 income was $77,621 and his 1996 income was $62,000. Appellant indicated that his 1997 income was considerably lower because of business competition and he was paid hourly wages instead of receiving a salary after missing work for being sick. Appellant also provided the court with evidence of medical expenses not covered by insurance in the amounts of $8,883 and $8,402 for the 1996 and 1995 tax years, respectively.
It is well established that a trial court's decision regarding child support obligations lies within the discretion of the trial court and will not be disturbed absent an abuse of discretion. Pauly, supra, at 390. After reviewing the record in this case, there is no reason to conclude that the trial court failed to properly follow the mandates of R.C. 3113.215(B). Rather, the record reflects that the trial court, while considering the average of appellant's prior employment income, determined that any further deviation from his current income of $40,820 was not appropriate. R.C. 3113.215(B)(5)(h) specifically provides that, when appropriate, a trial court's calculation of a parent's gross income can be based upon an average income. Here, the trial court could have found income averaging was the appropriate income amount for child support purposes, but was not required to do so. The court did not make this adjustment, apparently choosing instead to reject appellant's expenditures as a cause for a deviation from the standard child support computation. That the trial court's discretion was exercised in such a manner does not necessarily create an unjust or unreasonable result. Therefore, when the underlying facts are considered in light of all the factors presented by this case, we cannot conclude that it was an abuse of discretion for the trial court to refuse to deviate from the amount of child support calculated.
Appellant also contends that the trial court erred by not imputing income to the appellee for the purpose of calculating child support. The Ohio Supreme Court has held that whether a parent is voluntarily unemployed and whether to impute income to that parent are factual determinations for the trial court and will not be disturbed on appeal absent an abuse of discretion. Rock, supra, at 112. While a parent's subjective motivations for being voluntarily unemployed are not relevant in determining whether potential income is to be imputed in calculating and awarding child support, id. at 111, the overriding concern of the legislation is to insure the best interest of the children for whom support is being awarded. Id. at 110.
In this case, the trial court determined appellee's income to be zero due to her need to be home with the children. The court heard evidence at the July 8, 1998 hearing that appellee worked as a paralegal before quitting her job to stay at home with the three children of the parties. Appellee explained that the children's daily needs include structure in the home because of their attention deficit disorders and dyslexia. Based upon this evidence, we find no abuse of discretion on the part of the trial court.
Accordingly, appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
HADLEY, P.J., and WALTERS, J., concur.