JOURNAL ENTRY and OPINION
This cause comes on for appeal from the ruling of the Cuyahoga County Court of Common Pleas Domestic Relations Division modifying the child support obligations of the respective parties. Because we find that the trial court did not abuse its discretion in determining the level of support to be paid by the appellant, we affirm the order of the trial court.
The parties herein were husband and wife before separating in 1996. The parties' union produced one child, a daughter born in 1987. The parties' divorce became final on August 11, 1997. The divorce decree incorporated a shared parenting plan in which the parties voluntarily agreed on a payment arrangement concerning child support, private school tuition, and their daughter's medical expenses.
Plaintiff-appellee Jane P. Wilson filed a motion to modify child support, motion to show cause and motion for attorney fees on July 31, 1998. The motions essentially alleged that appellee's ex-husband, defendant-appellant M. Scott Wilson, had failed to comply with an existing child support order and that, on the basis of changed financial circumstances, the appellant should be required to pay more towards the support of the couple's daughter. The motions were heard before a magistrate on October 14-15, 1998. In her findings of fact and conclusions of law, the magistrate increased the appellant's monthly child support obligation from $400.00 to $534.83. The magistrate also granted the appellee's motion for attorney fees and ordered that the appellant pay $760.00 towards the appellee's attorney fees, but denied the motion to show cause, as she found that the appellant was current in his support obligations.
After reviewing each party's objections to the magistrate's decision, the trial court, in an order dated March 3, 2000, acted to modify the magistrate's recommendation as to monthly child support from $543.83 per month to $826.50 per month, and made this figure retroactive from July 31, 1998. Although the trial court stated that it was increasing the amount of support because the figure reached using the basic child support schedule was inappropriate and not in the best interest of the minor child, the monthly differential of approximately $291.67 merely represented the inclusion of the appellant's portion of the child's private school tuition, which he had initially agreed to pay as part of the shared parenting plan, into the monthly child support obligation, rather than continuing the arrangement whereby each parent would pay his or her portion of tuition directly to the school.[1] Thus, rather than representing an increase in the total amount of child support to be paid by the appellant, the trial court's modification of the magistrate's order merely changed the procedure by which the appellant paid his portion of his daughter's tuition.
The appellant appealed from the order of the trial court and presents a total of four assignments of error for this court's review. The appellant's first assignment of error states:
 I. THE LOWER COURT IMPROPERLY APPLIED ORC §§ 3113.215(B)(4) AND 3109.04(E)(2)(b) IN MODIFYING THE SHARED PARENTING PLAN AND SUPPORT OBLIGATIONS OF DEFENDANT-APPELLEE.
R.C. 3113.215(B)(4) states:
 If an obligor or obligee under a child support order requests the court to modify the amount of support required to be paid pursuant to the child support order, the court shall recalculate the amount of support that would be required to be paid under the support order in accordance with the schedule * * *, and if that amount as recalculated is more than ten per cent greater than or more than ten per cent less than the amount of child support that is required to be paid pursuant to the existing child support order, the deviation from the recalculated amount that would be required to be paid under the schedule * * * shall be considered by the court as a change of circumstance that is substantial enough to require a modification of the amount of the child support order.
In DePalmo v. DePalmo (1997), 78 Ohio St.3d 535, 679 N.E.2d 266, the Supreme Court stated that the following factors are to be considered by the trial court in making a determination whether to modify an existing child support order:
 In determining the ten percent figure, the court takes into account all other factors required by R.C. 3113.215(B)(4), such as the court-ordered cost of health insurance. Medical needs of the child can constitute a sufficient change of circumstances without regard to the ten percent test. If there is a sufficient change in circumstances, the court shall require support in the amount set by the guidelines unless that amount would be unjust or inappropriate or not in the best interest of the child. The ten percent difference applies to the change in the amount of child support, not to the change in circumstances of the parents. The trial court also has the obligation to test any proposal of the parents to see if it meets the Child Support Guidelines under the Marker standard even if the parties agree between themselves to a different amount or agree that only one party shall assume all support.
In consideration of child support appeals, this court is guided by an abuse of discretion standard. Pauly v. Pauly (1997), 80 Ohio St.3d 386,686 N.E.2d 1108; Meister v. Meister (Oct. 12, 2000), Cuyahoga App. No. 77110, unreported.
The amount of child support determined by the trial court in the present case was in accordance with the standards delineated in the basic child support schedule except to the extent that the trial court included in the basic monthly support the prorated cost of the child's tuition, which the appellant had agreed to pay above and beyond his basic monthly support payments. Accordingly, we reject the appellant's contention that the trial court's order constituted a deviation from the basic child support schedule guidelines. The circumstances surrounding the child's education expenses had sufficiently changed to make it reasonable for the trial court to require that these payments be included with the monthly basic child support payments, rather than be paid directly to the school. Additionally, the appellant has failed to present evidence that he has been prejudiced as a result of this arrangement. Thus, we cannot conclude that the trial court abused its discretion in this regard and we overrule this assignment of error.
The appellant's second assignment of error states:
 II. THE LOWER COURT FAILED TO APPLY THE EXPRESS PROVISION OF THE SHARED PARENTING PLAN RESPECTING PRIVATE SCHOOL TUITION.
In this assignment of error the appellant objects to the fact that the trial court did not strictly construe the provisions of the parties' shared parenting plan regarding the agreement to pay for the child's private school tuition. Presumably, the appellant believes that he should no longer have to pay any tuition because his daughter attends a different private school than the one that she attended at the time that the parties agreed to the shared parenting plan. This contention is without merit.
As was stated earlier in this opinion, the appellant actually benefitted from the trial court's allocation of the cost of tuition. The appellant had agreed to pay 50% of the child's tuition up to a total of $6,000.00 per year, but was only required by the trial court to pay 25% of the tuition costs, or $3,500.00 per year. There was no prejudice to the appellant arising out of the fact that the child had transferred private schools as the trial court found both that the tuition at the two schools was comparable and that the appellant had acquiesced in the transfer to Hawken. Similarly, there is no prejudice arising from the adjustment of the monthly child support payment to account for the appellant's portion of his child's tuition, as the appellant would have been responsible for paying the extra $291.67 per month ($3,500.00 / 12 months) even if the court had not included that amount in his monthly support payments.
Accordingly, this assignment of error is overruled.
The appellant's third assignment of error states:
 III. THE LOWER COURT ERRED BY FAILING TO PROPERLY APPLY RELEVANT LAW AND TO PROPERLY APPLY THE EXPRESS PROVISIONS OF THE SHARED PARENTING PLAN RESPECTING TO (SIC) EXTRAORDINARY MEDICAL CLAIMS.
In this assignment of error the appellant objects to the trial court's order that he pay $260.25 towards his daughter's unreimbursed medical expenses which were incurred subsequent to the time of the parties' divorce. Although the appellant argues that the expenses were not properly calculated, were not properly submitted to the appellee's insurance carrier and were not extraordinary in nature, the trial court considered and rejected each of these arguments based on the evidence adduced at the magistrate's hearing. This court is unable to conclude that the trial court abused its discretion in determining, in accordance with the shared parenting plan, that the appellant should be responsible for a portion of these medical expenses. In her opinion the magistrate addressed this issue as follows:
 * * * any bills dated prior to August, 1997 should be excluded since they pre date (sic) the divorce. * * * Plaintiff presented proof of valid unreimbursed medical expenses since the divorce of $620.50. Defendant's share after Plaintiff's payment of the first $100 is $260.25.
In reaching a total of $620.50 in unreimbursed expenses, the magistrate examined each of the bills submitted to insure that the purported expense was both medical and extraordinary and that the statement did not pre-date the divorce. A portion of these expenses represented payments for psychological counseling required by the child to deal with the stress caused by her parents' divorce. Given these facts we cannot conclude that the trial court abused its discretion in finding that the appellant should be responsible for a percentage of these expenses in the amount of $260.25.
The appellant's fourth and final assignment of error states:
IV. THE LOWER COURT ERRED IN APPROVING ATTORNEY FEES.
In this assignment of error the appellant specifically asserts that the trial court failed to properly consider the guidelines to be used in determining the reasonableness of attorney fees as stated by this court in Swanson v. Swanson (1976), 48 Ohio App.2d 85, 355 N.E.2d 894, prior to awarding the appellee attorney fees in the amount of $760.00. This court in Swanson stated the following in regards to a court's determination of the propriety of attorney fees:
 Initially, reference should be made to DR2-106(B), Code of Professional Responsibility (1970), 23 Ohio St.2d, which offers the following guidelines for determining the reasonableness of a fee:
 (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
 (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer.
 (3) The fee customarily charged in the locality for similar legal services.
(4) The amount involved and the results obtained.
 (5) The time limitations imposed by the client or by the circumstances.
 (6) The nature and length of the professional relationship with the client.
 (7) The experience, reputation, and ability of the lawyer or lawyers performing the services.
(8) Whether the fee is fixed or contingent.
Loc.R. 21(B) of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division states:
 Evidence in Support of Motion. At the time of the final hearing on the motion or pleading that gives rise to the request for attorney fees, the attorney seeking such fees shall present:
 (1) an itemized statement describing the services rendered, the time for such services, and the requested hourly rate for in-court time and out-of-court time;
 (2) testimony as to whether the case was complicated by any or all of the following:
(a) new or unique issues of law;
 (b) difficulty in ascertaining or valuing the parties' assets;
(c) problems with completing discovery;
 (d) any other factor necessitating extra time being spent on the case;
 (3) testimony regarding the attorney's years in practice and experience in domestic relations cases; and
 (4) evidence of the parties' respective income and expense, if not otherwise disclosed during the hearing.
The appellant contends that the fact that both he and his ex-wife are practicing attorneys should have obviated the need for outside legal assistance in this matter.[2] We decline to adopt a rule that any party to litigation who is also an attorney may never be entitled to the recovery of attorney fees. Indeed, in this instance, the fact that the appellee is a practicing attorney, with her own law firm, undoubtedly served to significantly minimize the total amount of legal fees she incurred in prosecuting the motions which were the subject of the hearing below.
The trial court fully complied with the dictates of Loc.R. 21 prior to awarding attorney fees. Appellee's attorney provided the court with a sufficiently detailed statement of his services and testified as to the specifics of his involvement in the case. Given the multiple issues presented in this case and the time involved, this court cannot conclude that the trial court abused its discretion in assessing attorney fees in favor of the appellee and against the appellant in the amount of $760.00.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ROCCO, P.J., and DYKE, J., CONCUR.
[1] After filing for divorce, the parties agreed to a shared parenting plan which provided for the appellant to pay $400.00 per month in child support as well as 50% of tuition up to a limit of $6,000.00 per year so long as the child attended Hathaway Brown School. The trial court specifically found that the Plaintiff transferred the child only after the Defendant persuaded her to transfer out of Hathaway Brown, assuring her he would continue to pay for one-half of her (sic) tuition. In its order modifying child support, the trial court only required that the appellant pay 25% ($3,500.00 of the annual $13,000.00 tuition at Hawken School) of the child's tuition, a considerable decrease from the 50% that he had agreed to pay. Also, the trial court found that as the tuition at Hathaway Brown and Hawken were comparable, there was no prejudice to the appellant arising out of the child's transfer to a school located closer to the appellee's home.
[2] The appellant refers to the attorney to whom the trial court awarded attorney fees as a minor functionary and merely * * * an alter ego of a pro se party.