OPINION
Appellant Matt Allen Kellogg ("Kellogg") brings this appeal from the judgment of the Court of Common Pleas of Marion County, Juvenile Division, modifying child support.
On October 30, 1997, Elizabeth Anne Kellogg was born to Kellogg and Angela Current ("Current"). A complaint to establish paternity was filed by Kellogg on August 12, 1998. On that same day, the parties entered an agreed entry adopting a shared parenting plan which provided for child support of $31.00 per month. The shared parenting order also provided that each party would have custody of the child every other week. On March 26, 2001, the Marion County Child Support Agency filed a motion to modify child support. A hearing was held on the motion on July 17, 2001. Kellogg filed his objections to the magistrate's ruling on July 31, 2001. On January 4, 2002, the trial court overruled the objections and filed a judgment entry setting child support at $250.00 per month. It is from this judgment that Kellogg appeals.
Kellogg raises the following assignments of error.
 "It was error for the trial court to fail to impute income under R.C. 3119.01(C)(5)(d) and (C)(11)(a)(i) thru (x) to the parent that is voluntarily under-employed when that parent quits her job and goes back to school.
 "The trial court committed error when it failed to deviate from thechild support computation under 50/50 shared parenting plan forextraordinary circumstance under R.C. 3119.24."
 In the first assignment of error, Kellogg claims that the trial court should have imputed income to Current because she was voluntarily underemployed.
 "[T]he question whether a parent is voluntarily (i.e. intentionally)unemployed or voluntarily underemployed is a question of fact for thetrial court. Absent an abuse of discretion, that factual determinationwill not be disturbed on appeal." Rock v. Cabral (1993),67 Ohio St.3d 108, 112, 616 N.E.2d 218.
The voluntary reduction is not sufficient in and of itself to establish that income should be imputed. Woloch v. Foster (1994),98 Ohio App.3d 806, 649 N.E.2d 918. The test is not only whether the change was voluntary, but also whether it was made with due regard to one's income-producing abilities and her duty to provide for the continuing needs of the child concerned. Id.
Here, the trial court determined that Current was not voluntarily underemployed. Although Current took a lesser paying job and works fewer hours, the trial court determined that this was done so that Current could go to college and earn a degree which will permit her to better be able to support the child in the future. Since there is sufficient evidence to support the trial court's ruling, we cannot find that it abused its discretion. The first assignment of error is overruled.
The second assignment of error claims that the trial court should have deviated from the schedule because Kellogg has custody of the child half of the time pursuant to the shared parenting plan. According to the shared parenting child support calculation worksheet, Kellogg's support obligation was approximately $370.00 per month. The trial court reduced this amount to $250.00 because of the shared parenting agreement. Kellogg claims that because he is the residential parent 50% of the time, he is entitled to a set off of Current's obligation, which would reduce his obligation to approximately $185.00 per month. However, the Supreme Court has held that one is not automatically entitled to credit for the time a child resides with him or her. Pauly v. Pauly (1997),80 Ohio St.3d 386, 686 N.E.2d 1108. The question whether to give a credit is within the sound discretion of the trial court. Id. As discussed above, the trial court in this case did give some credit but determined that a full credit would not be in the best interests of the child. The trial court based this decision on the disparity in income of the parties. Since the evidence supports the trial court's findings, the trial court did not abuse its discretion. The second assignment of error is overruled.
The judgment of the Court of Common Pleas of Marion County, Juvenile Division, is affirmed.
Judgment affirmed.
SHAW, P.J., and WALTERS, J., concur.