This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Samuel R. Young ("Husband") has appealed from an order of the Summit County Court of Common Pleas that overruled his objections to a magistrate's decision and ordered him to pay child support in the amount of $599.30 per month. This Court affirms.
 I
{¶ 2} Husband and Defendant-Appellee Laura A. Young ("Wife") were divorced on November 4, 1998. The parties agreed to share parenting rights and responsibilities for their two minor children, and Husband was ordered to pay child support. On May 23, 2001, the trial court entered an order finding that Husband was unemployed, and suspending Husband's child support obligations until he secured gainful employment. Approximately three months later, the Child Support Enforcement Agency ("CSEA") filed a motion asserting that Husband was gainfully employed, and requesting that his child support obligation be reinstated. A hearing was held before a magistrate on CSEA's motion to set support.
{¶ 3} Following the hearing, the magistrate filed her decision on January 22, 2002, which set Husband's support obligation at $599.30 per month. Husband filed objections to the magistrate's decision. The trial court thereafter entered an order that overruled Husband's objections, adopted the magistrate's decision, and ordered Husband to pay monthly child support in the amount of $599.30. Husband has appealed from this order of the trial court, asserting one assignment of error.
 I Assignment of Error {¶ 4} "THE TRIAL COURT ERRED IN DENYING A FURTHER DEVIATION IN THE AMOUNT OF CHILD SUPPORT TO BE PAID BY [HUSBAND] WITHOUT DETERMINING WHETHER OR NOT THE AMOUNT ORDERED TO BE PAID WOULD BE UNJUST OR INAPPROPRIATE TO THE CHILDREN OR EITHER PARENT AND WOULD NOT BE IN [THE] BEST INTEREST OF THE CHILDREN BASED UPON THE AMOUNT OF TIME THE CHILDREN SPEND WITH [HUSBAND]."
{¶ 5} In his sole assignment of error, Husband has argued that the trial court erred in failing to grant him a downward deviation when calculating his support obligation in light of the amount of time the children spend with him. Husband has contended that the trial court erred by merely concluding that Husband was not automatically entitled to such a downward deviation, without conducting any analysis of the issue.
{¶ 6} This Court will not address the merits of Husband's assignment of error. Our review of the record indicates that Husband failed to support his objections to the magistrate's decision with a transcript of the proceedings before the magistrate, as required by Civ.R. 53(E)(3)(b). That rule provides:
 {¶ 7} "Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
{¶ 8} In its January 22, 2002 decision, the magistrate made the following findings:
 {¶ 9} "6. The children attend school in Elyria. They are with their father every weekend except one per month. They also spend one night per week during the school year with their father. Holidays and vacations are shared.
{¶ 10} "* * *
 {¶ 11} "12. The amount of child support calculated by the statutory formula is $787.15 per month.
 {¶ 12} "13. The father asks for a downward deviation because of the time-sharing arrangement, which is more liberal than most, and because of extra expenses.
 {¶ 13} "14. "Some appellate courts had previously determined that it was appropriate to off set one parent's support obligation from the other's in shared parenting cases. However, the Supreme Court of Ohio recently reaffirmed its position that the statute does not provide for an automatic credit in child support obligations under a shared parenting order. Hubin v. Hubin (2001), 92 Ohio St.3d 240 (relying on Pauly v. Pauly (1997), 80 Ohio St.3d 386). If the statutory formula yields an unjust result, the court may adjust the result by deviating. Id.
 {¶ 14} "15. In this case, the father referred to his transportation expenses. The magistrate also notes that the initial decree provides for a deviation because of transportation expenses.
 {¶ 15} "16. Neither party presented any other information to support a deviation.
 {¶ 16} "17. The magistrate finds that the statutory amount of child support is unjust to the father because of his significant transportation burden and that it would not be in the best interest of the children to order the amount calculated by the worksheet.
 {¶ 17} "18. The statutory amount should be reduced by $2,254.26 per year. The amount payable per month is then $599.30."
{¶ 18} In overruling Husband's objections to the magistrate's decision, the trial court observed that Husband's objections were not supported by either a transcript of the hearing before the magistrate or an affidavit of the evidence. The court further stated: "Because Father's Objection is grounded in questions of fact, the Court cannot make an appropriate review without a transcript. Father does not otherwise support his objection with legal argument." (Citations omitted.)
{¶ 19} Because Husband failed to provide a transcript or affidavit of the evidence as required by Civ.R. 53(E)(3)(b), he cannot now challenge the trial court's adoption of the magistrate's findings of fact. Barnhart v. Barnhart (Dec. 9, 1998), 9th Dist. No. 18868, at 10. While Husband filed a praecipe to the court reporter in connection with his appeal to this Court, and thereby caused the preparation of a transcript for this appeal, the transcript was not before the trial court when it ruled upon Husband's objections. Under these circumstances, this Court will not review the transcript because the trial court did not have the opportunity to review it in rendering its judgment. Molnar v. Molnar
(June 20, 2001), 9th Dist. No. 3102-M, at 4. Husband's assignment of error must fail.
 III
{¶ 20} Husband's sole assignment of error is overruled. The judgment of the trial court is affirmed.
BAIRD, P.J., BATCHELDER, J. CONCUR.