OPINION
{¶ 1} Plaintiff-appellant, Tara Greaney, appeals a decision of the Montgomery County Court of Common Pleas, Domestic Relations Division, in part granting a downward deviation in the child support obligation of defendant-appellee, Dennis Greaney. We affirm the decision of the trial court.
 {¶ 2} The parties were married and have two children together, Brian, born April 30, 1982, and Maureen, born November 17, 1986. They divorced in 1995 and appellee was ordered to pay child support. The costs associated with the children's uninsured medical expenses, including dental expenses, were to be divided according to the parties' percentage incomes as indicated on the child support worksheet. At the time of the order, appellant had no income; therefore, appellee was responsible for 100% of all uninsured medical expenses.
 {¶ 3} Both children eventually required orthodontia treatment and appellee financed the uninsured portion of the expense over the course of 60 months. Approximately two years into the repayment, appellant moved the trial court to increase appellee's child support obligation, which had recently been decreased due to Brian's emancipation. Brian's orthodontic treatment had concluded and his braces had been removed at this time.
 {¶ 4} At a hearing on the motion, the trial court was presented with evidence of the parties' respective incomes, which neither party disputed. Appellee requested a deviation from the guideline support amount in consideration of the monthly payments he was obligated to make for the children's orthodontic treatment. The trial court granted appellant's request for an increase in appellee's child support obligation, and granted a deviation as requested by appellee. Appellant appeals, raising a single assignment of error in which she alleges that the trial court erred by deviating from the guideline support amount.
 {¶ 5} It is well-settled that a trial court has broad discretion in determining child support obligations, and such decisions will not be disturbed absent an abuse of that discretion. Pauly v. Pauly (1997),80 Ohio St.3d 386, 390. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 6} The guideline support obligation calculated under R.C.3113.215 is rebuttably presumed to be the correct amount of support. Harbertner v. Harbertner (1994), 94 Ohio App.3d 485. However, R.C.3113.215(B)(3) permits the trial court to deviate from the support schedule if the court finds the amount ordered would be unjust or inappropriate and would not be in the best interest of the child. In making this determination, the trial court is directed by R.C.3113.215(B)(3) to consider certain factors, including all relevant factors.
 {¶ 7} In the present case, the magistrate's decision states that a deviation from the guideline support amount is "just, reasonable and in the best interest of the child * * * due to [appellee's] continued 100% payment of the existing orthodontia bill for the minor child." While appellant argues that the trial court failed to make the findings required under R.C. 3113.215 to permit a deviation from the guideline amount, the magistrate's above statement constitutes the necessary findings. While stated in the inverse of the statutory language, the findings are in fact those required by the statute. Similarly, in affirming the magistrate's decision upon appellant's objections, the trial court stated that "[t]he deviation is equitable and appropriate given the facts and circumstances." We thus conclude the record contains the findings mandated by R.C. 3113.215 necessary to order a deviation in the guideline support amount.
 {¶ 8} Appellant further argues that the trial court inappropriately considered the payment of uninsured medical expenses when determining whether to deviate from the guideline child support obligation. R.C. 3113.215(B)(3) provides a list of factors for the trial court to consider when determining whether a deviation in child support is just, appropriate, and in the child's best interest. Relevant to the present case, the trial court may consider the special and unusual needs of the children, the financial resources of the parents, significant in-kind contributions made by a parent, and any other factors that the trial court may find relevant. R.C. 3113.215(B)(3). The consideration of uninsured medical expenses is appropriate under any one of these provisions. While the payment of uninsured medical expenses does not mandate a deviation in child support, it is within the trial court's discretion to consider the payment of such expenses when determining whether a deviation is appropriate.
 {¶ 9} Appellant lastly contends that the trial court erred in ordering the deviation as the present orthodontic payments are for past treatment. It is undisputed that Brian's course of treatment has concluded. However it is unclear whether Maureen's treatment is ongoing or complete. In either case, the payments are a current expense, incurred in the best interests of the children. Consequently, we do not find that the trial court abused its discretion by considering this expense when determining appellee's child support obligation. The assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.
 JUDGMENT ENTRY
The assignment of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.
It is further ordered that a mandate be sent to the Montgomery County Court of Common Pleas, Domestic Relations Division, for execution upon this judgment and that a certified copy of this Judgment Entry shall constitute the mandate pursuant to App.R. 27.
Costs to be taxed in compliance with App.R. 24.