OPINION
Appellant, Robert Heitkamp, appeals from the judgment of the Mercer County Court of Common Pleas, Domestic Relations Division, modifying the shared parenting plan between Robert and appellee, Michelle Heitkamp (nka Kingery). Michelle cross-appeals, contending that the trial court erred in its calculation of Robert's child support obligation.
The parties have one child, Ryan Heitkamp, born January 26, 1998. On October 12, 1999, the parties were granted a divorce and an agreed shared parenting plan was approved and made an order of the court. Under this plan, the child shall reside with Robert pursuant to Standing Order 2 of the court's standard visitation schedule and on Wednesdays from 5:00 p.m. until 9:00 p.m., while the child shall reside with Michelle at all other times. With regard to schooling, the plan provided that the child shall attend school in the Celina, Ohio district.
On January 31, 2000, Michelle filed with the trial court a notice of intent to relocate to Vandalia, Ohio. In response, Robert filed a motion to modify the prior parenting orders. On February 10, 2000, Robert also moved for an order restraining Michelle from having the child removed from his residence in the Celina City School District. The trial court granted that order on the same day. Robert then filed an additional motion requesting the court to adopt his proposed shared parenting plan and subsequently filed an amended plan. Under Robert's proposed plan, the child would reside with him, except that Michelle shall have contact with the child as will be determined by mutual agreement, and if they fail to agree, then establishing a specific schedule. On February 23, 2000, Michelle also filed a motion for modification of the existing shared parenting plan to permit the child to relocate and attend school in the school district in which Michelle resides.
On May 12, 2000, a hearing was held before the magistrate on the motions of the parties. After hearing, it appears that the magistrate found that Michelle's move to Vandalia was a change in circumstances sufficient to warrant a modification of the original shared parenting plan and that it was in Ryan's best interest to maintain the shared parenting plan with some modifications, which included that Michelle be allowed to move the child to Vandalia, Ohio and that she shall determine the school district. Both parties filed objections. The trial court's judgment adopted the decision of the magistrate, but sustained the objection as to the typographical error. It is from this judgment that Robert appeals, and Michelle cross-appeals.
This court will address Robert's assignments of error first. In his appeal, Robert asserts the following two assignments of error:
 The trial court erred in refusing to admit into evidence defendant-appellant's evidence that plaintiff-appellee had engaged in a course of conduct prior to the divorce, designed to exclude defendant-appellant from contact with his son, which evidence was unknown to the trial court at the time of the divorce decree, contrary to R.C. 3109.04(E)(1)(a).
 The trial court abused its discretion in modifying its prior decree and the agreed shared parenting plan, in the absence of proof that a change of circumstances had occurred since the prior decree, that modification is necessary to serve the best interest of the child, and that the harm likely to be caused by a modification is outweighed by the advantages of modification.
 In his first assignment of error, Robert challenges the granting of the modification on the basis that he was not allowed to present evidence as to Michelle's efforts to keep his son from him prior to the divorce. Robert asserts that R.C. 3109.04(E)(1)(a) is applicable because this evidence was unknown to the trial court at the time of the original, agreed custodial arrangement. We note that the statute states that the court shall not modify a prior decree allocating parental rights and responsibilities unless it finds "based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree," that a change has occurred in the circumstances of the child, or either of his parents subject to a shared parenting decree, as well as a finding that the modification is necessary to serve the best interest of the child.
In the instant case, the record reveals that the custodial arrangement between the parties originated in an agreed shared parenting plan approved and made an order of the trial court by the October 12, 1999 divorce decree. On May 12, 2000, the magistrate conducted a hearing at which the parties presented evidence as to either a new shared parenting plan proposed by Robert or a modification of the original shared parenting plan. At the hearing, Robert's counsel proffered testimony about the circumstances of the child's birth in which Robert was not informed by Michelle and was also precluded from seeing his newborn child until weeks after his birth. Robert is claiming on appeal that given the evidence at the hearing concerning Michelle's employment opportunities in the Celina area, as well as the proffered testimony, Michelle's move to Vandalia was the culmination of her continuing efforts to separate father and son and accordingly, such evidence is critical to proper disposition of this matter.
Generally, however, the admission or exclusion of evidence lies within the sound discretion of the trial court and its decision will not be reversed on appeal absent a clear abuse of discretion that materially prejudices the objecting party. See State v. Sage (1987),31 Ohio St.3d 173. As we shall discuss, even if the trial court improperly excluded facts that were unknown to the court at the time of the prior decree, Robert has failed to show how these unknown facts would have altered the outcome of this case.
Although Robert's counsel apparently focuses on the voluntary nature of the move, there is no evidence to indicate that Michelle's move and a job change were made for any reason other than to allow her more time with Ryan. The record indicates that Michelle's move would significantly reduce her commute from home and her work hours at her job now run from 8:00 a.m. to 5:00 p.m. during the week. Further, and perhaps more important, while Michelle has moved further away from Ryan's father and extended family, including Michelle's family, there is no evidence that the move was done for the improper purpose of interfering or minimizing Robert's contact with Ryan. In fact, the recent evidence disclosed that for nearly four months since the shared parenting plan Robert has been permitted to pick up Ryan early for Wednesday night visitations. Additionally, there were times Michelle did cooperate and work with Robert and his family in allowing visitation on her weekends for certain family functions. Consequently, the first assignment of error is overruled.
In his second assignment of error, Robert contends that the trial court abused its discretion in modifying the shared parenting plan pursuant to R.C. 3109.04(E)(1)(a). R.C. 3109.04(E)(1)(a) governs the modification of an existing custody arrangement and requires a court to find a change in the circumstances of the child, residential parent or either parent subject to a shared parenting decree, before a prior decree allocating parental rights and responsibilities for the care of the child may be modified. However, as noted by Michelle, parental rights and responsibilities may also be modified by another division within this section, R.C. 3109.04(E)(2). This division provides that a shared parenting decree may be modified upon request of one or both of the parents if the modification is found to be in the best interest of the child. See R.C. 3109.04(E)(2)(b). This court has previously held that in certain circumstances the trial court need not determine whether a change in circumstances had occurred prior to modifying a shared parenting decree. See Patton v. Patton (Mar. 6, 2001), Marion App. No. 9-2000-84, unreported, citing In Re Reid (July 10, 1998), Paulding App. No. 11-98-3, unreported. It was our holding that where neither parent had been designated a residential parent, it was not necessary to determine whether a change in circumstances had occurred. Id.
According to R.C. 3109.04(K)(6), unless the context clearly requires otherwise and except as otherwise provided in the order, each parent under a shared parenting order is considered the "residential parent and legal custodian" of the child. Thus, in the case herein, the record reflects that both parents are considered residential parents, and consequently, the trial court was required to determine whether a change in circumstances has occurred.
Robert essentially argues that since the current shared parenting plan's designation of the Celina school district was still workable because he lived in this district, it follows that there is no change of circumstances where a move from Celina to Vandalia will impact the child's welfare. The Ohio Supreme Court has stated that a change of circumstances must be a "change of substance, not a slight or inconsequential change." Davis v. Flickinger (1997), 77 Ohio St.3d 415,418. Further, this court previously has held that moving out of state is not alone a sufficient change of circumstances to allow a court to change custody of the children. See Eaches v. Eaches (July 3, 1997), Logan App. No. 8-97-05, unreported. It is well established that a trial court's determination of whether a change of circumstances has occurred falls within the discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. Davis v. Flickinger, supra.
In this case, the magistrate and the trial court specifically concluded that there had been a change of circumstances. The evidence at the hearing established that Michelle had begun employment in Dayton in January 2000 and had purchased a residence in Vandalia. There was a sufficient nexus between Michelle's move from Celina to Vandalia and the original shared parenting plan provisions to constitute a substantive change sufficient to justify a modification of the plan. Thus, a finding of a change of circumstances was proper in the case herein.
Robert also argues that there is no evidence in the record to establish that modifying the school district provision would be in the child's best interest. Pursuant to R.C. 3109.04(E)(1)(a) and 3109.04(E)(2)(b), trial court cannot order a modification without evidence that the child's best interest is served by the modification. The findings of the magistrate were that although both parents were found to be fit and want to assume the responsibility of raising Ryan, there was no basis for changing the tenor of the existing shared parenting plan by modification. Under the plan, the child was to reside primarily with Michelle. As discussed above, due to the job in Dayton and the relocation, it was clear that Michelle would be able to spend more time with Ryan. The magistrate also found it significant that Ryan was not yet of school age and has not become assimilated in the Celina School system. In conclusion, Robert's claim that the modified shared parenting plan was not in the best interests of the child is found to be without merit. The second assignment of error is overruled.
Finally, in her cross-appeal, Michelle asserts the following assignment of error:
 The trial court erred as a matter of law in the calculation of child support ordered to be paid by appellant-father to appellee-mother.
 Michelle argues that the trial court erred by failing to calculate Robert's child support obligation pursuant to R.C. 3113.215(B)(6)(a) and the worksheet prescribed in R.C. 3113.215(E) in which there is no automatic right to an offset against child support payments for the time the child resides with that parent. Alternatively, Michelle argues that the trial court did not make the required findings for a deviation from the child support amount under R.C. 3113.215(B)(6)(a).
Recently, the Ohio Supreme Court held that R.C. 3113.215(B)(6)[1]
does not provide for an automatic credit in child support obligations under a shared parenting order. Pauly v. Pauly (1997), 80 Ohio St.3d 386,389. The court then outlined the procedure used for calculation of child support in a shared parenting context under R.C. 3113.215(B)(6)(a):
 Calculation of child support under R.C. 3113.215(B)(6)(a) is quite clear. Child support is calculated in accordance with the basic child support schedule and the worksheet set forth in division (E), through line 24 (the annual obligation). The statute allows for a deviation from that amount only where "the application of the schedule and worksheet, through line 24, would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in division (B)(3) of this section ***." "Extraordinary circumstances of the parents" is defined to include the amount of time the children spend with each parent, the ability of each parent to provide adequate housing for the children, and the amount of expenses each parent sustains. R.C. 3113.215(B)(6)(b)(i), (ii), and (iii).
 Moreover, the court pointed out that the provisions of R.C. 3113.215 are mandatory and must be followed literally and technically in all material respects. Id. citing Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph two of the syllabus.
In this case, Robert was ordered to pay $44.17 per month in child support. A review of the magistrate's worksheet shows he adjusted each parent's annual obligation to reflect the 100 days the child resided with Robert under the shared parenting agreement. However, lines 19 through 22, used by the magistrate in its schedule to credit this amount of time, do not exist in the worksheet provided in R.C. 3113.215(E). Because the magistrate did not calculate the amount of child support by using the worksheet prescribed in R.C. 3113.215(E), the magistrate did not comply with the requirements of R.C. 3113.215(B)(6). Furthermore, we cannot say that it constitutes a deviation under the particular facts of this case because the record shows that appropriate factual findings were never made to support a deviation as contemplated by R.C. 3113.215(B)(6). Accordingly, Michelle's cross-assignment of error is well taken.
For the foregoing reasons, the judgment of the trial court is reversed in part as to the order for child support, but it is affirmed in all other respects. The matter is hereby remanded for recalculation of the amount of support resulting from the statutory worksheet and for reconsideration of its application to any necessary deviation as required by R.C. 3113.215(B)(6) under the facts in this case.
WALTERS, P.J., and HADLEY, J., concur.
[1] The statute cited was repealed effective March 22, 2001 and new R.C. Chapter 3119 was enacted by the Child Support Reorganization Act.