DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Jerrie L. Maag, has appealed from a decision of the Summit County Court of Common Pleas, Domestic Relations Division, which overruled her objections to the decision of the magistrate granting Appellant and Appellee, Vincent B. Maag, a divorce and allocating parental rights and responsibilities for the care of the parties' children. We affirm.
 I. {¶ 2} Appellant and Appellee were married in 1991. Three children were born of the marriage. On May 24, 2001, Appellee filed a complaint for divorce with the Summit County Court of Common Pleas, Domestic Relations Division.
 {¶ 3} Following a hearing, a magistrate issued temporary orders naming Appellant as the residential parent and legal custodian of the three children and ordering Appellee to pay monthly child support in the amount of $239.48 per child. The magistrate found that temporary spousal support was not warranted. The matter proceeded to a trial before the magistrate on May 24, 2002.
 {¶ 4} After the trial, the magistrate issued a decision granting the parties a divorce and allocating the parental rights and responsibilities for the care of the children. The trial court adopted this decision on June 21, 2002. Reversing the course charted by two of its temporary orders, the court granted custody of the couple's three children to Appellee and ordered that Appellee not pay child support effective the date of the trial, May 24, 2002. The court ordered that any child support paid by Appellee from that date forward be credited towards any arrearage owed by him. Appellant timely objected to the magistrate's decision.
 {¶ 5} On September 12, 2003, the trial court denied in part and sustained in part Appellant's objections to the magistrate's decision. The trial court upheld the magistrate's decision that Appellee not pay child support effective May 24, 2002, along with the magistrate's attendant determination that any child support paid from that date forward be credited towards any arrearage owed by Appellee.
 {¶ 6} Appellant timely appealed, raising one assignment of error.
 II. Assignment of Error
"The Common Pleas Court erred when it ordered that appellee shall not pay child support effective May 24, 2002, and any support paid from that date forward by appellee shall be credited towards any arrearage owed by appellee."
 {¶ 7} In her sole assignment of error, Appellant maintains that the trial court erred by ordering that any child support paid by Appellee from May 24, 2002 forward be credited towards any arrearage owed by Appellee. We disagree.
 {¶ 8} We first note the applicable standard of review. A trial court's decision regarding a child support obligation will not be reversed on appeal absent an abuse of discretion. Paulyv. Pauly (1997), 80 Ohio St.3d 386, 390. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 9} Appellant's arguments all hinge upon her contention that the trial court has effectively required her to "repay Appellee for temporary child support paid during the pendency of the objections." This is an inaccurate characterization of the order at issue in this appeal. The trial court did not order Appellant to return any funds to Appellee. Rather, the court ordered that any child support paid by Appellee after the date of the trial be applied against any arrearage owed by Appellee under the temporary child support order.
 {¶ 10} The effect of the trial court's order is the diminution of any arrearage owed by Appellee under the temporary child support order. Appellant has not raised any arguments challenging this reduction of the arrearage. If any arguments exist supporting such a challenge, it is not the duty of this court to raise them. See Cardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673, at 18.
 {¶ 11} Because Appellant's arguments are premised upon an erroneous characterization of the order challenged in this appeal, her assignment of error is without merit and is overruled.
 III. {¶ 12} Appellant's sole assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, P.J., Baird, J., Concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)