OPINION
{¶ 1} Appellant, Richard A. Boccia, appeals from the February 3, 2005 judgment entry of the Trumbull County Court of Common Pleas, dismissing his cross-claim and granting judgment to appellee, L.T. Boccia Construction, Inc.
 {¶ 2} On February 22, 2000, appellant filed a complaint against his father, defendant Louis T. Boccia ("Louis Boccia"), and appellee, Case No. 2000-CV-00307, in which he requested an appointment of a receiver, accounting, mandatory injunction, and judicial dissolution, as well as alleged breach of fiduciary duty, breach of contract, and conversion.[1] Louis Boccia and appellee filed an answer on March 17, 2000.
 {¶ 3} On March 28, 2000, appellant filed a motion for temporary restraining order, pursuant to Civ.R. 65(A), moving the trial court to enjoin Louis Boccia and appellee from transferring, conveying, selling, trading, or otherwise disposing of any asset in which he claimed an ownership interest. After a hearing, appellant's motion for temporary restraining order was granted by the trial court on April 13, 2000.
 {¶ 4} Hearings were held on July 18, 2001, April 29, 2002, and July 23, 2002.
 {¶ 5} At the July 18, 2001 hearing, appellant indicated that he worked for appellee, a corporation doing business in the excavation field and run by Louis Boccia, since he was fourteen years old, approximately forty-four years. Louis Boccia has been a general contractor through appellee since 1958. In 1977, appellant's mother, Josephine Boccia, died and he was named as the executor of her estate. Appellant testified that he owned part of appellee, was a former officer, worked there for numerous years, and put hundreds of thousands of dollars into the company. He stated that he and Louis Boccia bought earth moving equipment, including a 983 Caterpillar Front-End Loader, a 510 John Deere Backhoe Front-End Loader with Hydro-Hammer, and a Caterpillar 320 Backhoe with Grapple and Magnet. Appellant and Louis Boccia worked together until around December of 1998. From January of 1999 to May of 1999, appellant did not have a job. Although he was hired to demolish the Dana Street project in Warren, Trumbull County, Ohio in January of 1999, he did not begin working on that until May of 1999.[2] In order to work on that demolition project, appellant needed to use the three pieces of equipment. He said that he told Louis Boccia that he would use the equipment and just pay the scrap money to him like he had done in the past. In addition, appellant contends that in November of 1998, he and Louis Boccia had a written agreement that stipulated that appellant could use the equipment in exchange for the scrap money of $2,200 from the job.
 {¶ 6} On May 7, 1999, appellant hired Parisi Company ("Parisi") to move the equipment from appellee's lot to the job site on Dana Street. Parisi was at appellee's lot for about an hour and a half, during business hours. Appellant stated that no one at appellee objected to him taking the equipment. Prior to the filing of the lawsuit, appellant said that Louis Boccia never objected to him using the equipment nor did he ever demand that he return it.
 {¶ 7} At the April 29, 2002 proceeding, appellant testified that he had no written agreement with Louis Boccia regarding an arrangement where he could use the equipment in exchange for scrap money. He indicated that he had the equipment for thirteen weeks and that Louis Boccia could have picked it up at any time. Appellant received a court order to return the equipment. Sometime in July of 1999, he stated that a fence was put up at the Dana Street job site and he did not have access to the equipment. As such, he could not comply with the court order at that time. However, in August of 1999, appellant said that he did comply with the court order and returned the equipment. He alleged that the value of the scrap he received from the Dana Street project was about $5,000. Appellant did not pay Louis Boccia because "he started all of this commotion."
 {¶ 8} According to Louis Boccia, appellee has title to the equipment at issue. Louis Boccia testified that appellant was an employee, he did not own any part of appellee, and they never had any type of agreement with respect to equipment. After discovering that the equipment was missing, and requesting its return to no avail, he contacted the authorities. Louis Boccia indicated that appellant did not comply with the court order until the very last day. He stressed that he received no money from appellant, which caused him to file suit. After the death of Josephine Boccia, Louis Boccia stated that appellant accepted cash for her shares of stock and that he owns no stock whatsoever in appellee.
 {¶ 9} Patrick O'Connor, a certified public accountant with Packer Thomas and Company, was appointed by the trial court to prepare an accounting of appellee. He indicated that if he were given all documents, he could do an accounting within a three week period.
 {¶ 10} At the July 23, 2002 hearing, appellant testified that he was aware of a court order that Louis Boccia be permitted to remove certain scrap and other property from his land. He stated that he unlocked the gates to allow access to appellee. At the conclusion of the hearing, the trial court ordered the delivery of the corporate records. The trial court stated that it would assign someone to oversee the rest of the removal of the scrap to gain some idea of its value. The trial court stated that it would hold another hearing to decide who was entitled to what and whether appellant was a stockholder in appellee. The trial court held all of the issues in abeyance until a final hearing.[3]
 {¶ 11} Pursuant to its February 3, 2005 judgment entry, under Case No. 2000C-V-00307, the trial court dismissed appellant's cross-claim as well as granted judgment for appellee and against appellant in the amount of $32,000 plus interest from July 23, 2002, and costs. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 12} "[1.] The trial court erred and abused its discretion by failing to follow its own order requiring [appellee] to produce its corporate records for purposes of establishing ownership of the corporation in a subsequent hearing, to the prejudice of [appellant].
 {¶ 13} "[2.] The trial court erred by dismissing Case No. 2000-CV-00307 sua sponte, in violation of [appellant's] right to due process as set forth in the Fourteenth Amendment to the United States Constitution and the Ohio Constitution."
 {¶ 14} In his first assignment of error, appellant argues that the trial court erred and abused its discretion by failing to follow its order requiring appellee to produce its corporate records for purposes of establishing ownership in a subsequent hearing. He stresses that the trial court erred when it ordered that all matters be held in abeyance pending the discovery of the corporate records and a subsequent hearing, then dismissing his complaint without compliance of either of the foregoing. In his second assignment of error, appellant alleges that the trial court erred by dismissing Case No. 2000-CV-00307 sua sponte, in violation of his right to due process. Appellant contends that the trial court erred by dismissing his civil complaint without any basis in the Ohio Rules of Civil Procedure.
 {¶ 15} Because appellant's first and second assignments of error are interrelated, we will address them in a consolidated manner.
 {¶ 16} The term "abuse of discretion" infers more than an error of law or judgment; it suggests that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, a trial court's determination will not be disturbed on appeal. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390. "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." In re Jane Doe 1 (1990), 57 Ohio St.3d 135, 137-138.
 {¶ 17} In the case at bar, the trial court stated in its February 3, 2005 judgment entry:
 {¶ 18} "(10) [Appellant] had filed a cross-claim that was previously consolidated by this Court indicating he was an officer of the corporation and that [appellee] had failed to provide him with information and was further injuring the corporation to his detriment.
 {¶ 19} "(11) Upon the evidence taken, the Court finds no evidence that [appellant] was anytime an owner of [appellee], and further finds that his relationship with the corporation had been severed prior to his unlawful seizure of the earth-moving equipment.
 {¶ 20} "(12) The Court further finds that the seizure of the equipment was willful and wanton and amounted to a conversion of said equipment."
 {¶ 21} Again, the trial court dismissed appellant's action sua sponte, and granted judgment in favor of appellee in the amount of $32,000 plus interest from July 23, 2002, and costs.
 {¶ 22} "Dismissal of a plaintiff's complaint is a harsh sanction and should not be done casually." Moviel v. GreaterCleveland Regional Transit Auth. (Feb. 26, 1987), 8th Dist. No. 51781, 1987 Ohio App. LEXIS 7178, at 6.
 {¶ 23} The Ohio Rules of Civil Procedure provide four methods under which an action may be dismissed. Under Civ.R. 12(B) and (C) and Civ.R. 56, the trial court may, upon motion of a party, effect a dismissal. Here, the record does not demonstrate that any such motion was made, pursuant to either of the foregoing rules, nor did the trial court cite such rules in support of its dismissal. In addition, Civ.R. 37(B)(2)(c) and 41(B)(1) and (2) provide that the trial court may, upon its own order, dismiss a case for failure to comply with a court order compelling discovery or for failure to prosecute the action. Again, however, the record is devoid of any evidence which would support the dismissal of appellant's action on either of these grounds. Also, the trial court's judgment entry demonstrates that neither of these rules was relied on for purposes of dismissing appellant's action.
 {¶ 24} "[I]n certain situations, the trial court is cloaked with limited authority to dismiss an action sua sponte." D'Abatev. Zorn (Sept. 26, 1986), 11th Dist. No. 11-181, 1986 Ohio App. LEXIS 8456, at 7. "`Utilizing its broad, inherent power, which does not depend on statute, a court will dismiss an action that is: collusive; sham; frivolous; harassing and vexatious; vexatious; vexatious and fraudulent; brought for an improper ulterior purpose; being utilized for "a dishonest and corrupt purpose on the part of the complainant and his solicitor"; brought "in bad faith and as a mere blackmailing scheme."' 1 Moore, Federal Practice (2 Ed. 1986), Paragraph 0.60[6], at 633-34." Id.
 {¶ 25} In the instant matter, appellant's claims do not fit into any of the foregoing categories. Thus, we cannot conclude that the trial court dismissed appellant's action sua sponte on the basis of any "inherent power." D'Abate, supra, at 7.
 {¶ 26} Louis Boccia failed to disclose appellee's records after several requests by the trial court. At the last hearing in this matter, which was held on July 23, 2002, the trial court again ordered that the corporate records be provided, and held the matter in abeyance until after a final hearing. We note again, however, that a final hearing did not occur. Rather, the trial court sua sponte dismissed appellant's action, without providing notice. Because the trial court stated at the July 23, 2002 hearing that it needed the corporate records in order to decide this case and that an additional hearing would take place, it appears that the trial court made its decision without considering all of the evidence. Thus, the trial court erred by dismissing appellant's action in the absence of any basis for such dismissal. Appellant's first and second assignments of error are with merit.
 {¶ 27} For the foregoing reasons, appellant's assignments of error are well-taken. The judgment of the Trumbull County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.
O'Neill, J., Grendell, J., concur.
[1] We note that Louis Boccia is not a named party to the instant appeal. Also, appellee did not file an appellate brief. Pursuant to appellant's brief, appellee filed a complaint, in the Trumbull County Court of Common Pleas, against appellant on May 26, 1999, Case No. 1999-CV-00976, alleging that he had used appellee's equipment for his own benefit and without authorization. Appellant's February 22, 2000 complaint sought a declaration that appellant was part owner of appellee and for appellee and/or Louis Boccia to turn over shares which belonged to him. On June 23, 2000, Judge John M. Stuard ordered that the cases be consolidated and that all future filings be made under Case No. 1999-CV-00976.
[2] Appellant started a company called Richard Boccia Construction Company.
[3] We note that no final hearing was conducted. Also, pursuant to appellant's brief, on August 27, 2003, the trial court, in Case No. 1999-CV-00976, issued a judgment entry in which it ruled for appellee and dismissed appellant's claims against Louis Boccia and appellee. The August 27, 2003 judgment entry is not in our record.