[Cite as *Gray v. Gray*, 2012-Ohio-5180.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98257**

# ZACHARY T. GRAY

PLAINTIFF-APPELLANT

vs.

# ERIN GRAY

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-335178

**BEFORE:** Cooney, J., Sweeney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 8, 2012

**ATTORNEY FOR APPELLANT**

Patrick Dichiro
4141 Rockside Road
Suite 230
Seven Hills, OH 44131


**ATTORNEY FOR APPELLEE**

Susan M. Weaver
21380 Lorain Road, Suite 302
Fairview Park, OH 44126

COLLEEN CONWAY COONEY, J.:

**{¶1}** Plaintiff-appellant, Zachary Gray ("Zachary"), appeals the trial court's refusal to deviate from the child support guidelines in its child support award. We find no merit to the appeal and affirm.

**{¶2}** Zachary filed for divorce from his wife, Erin Gray ("Erin"), in February 2011. A magistrate resolved all the issues based on numerous stipulations submitted by the parties and their briefs on the issues. They stipulated that they were married on June 14, 2003, and that three children were born during the marriage, one in 2005 and twins in 2006. The parties also entered into a shared parenting plan, which designated Erin the residential parent for school purposes, but provided that each parent would have the children for approximately equal time.

**{¶3}** Zachary argued that he should be entitled to a deviation from the standard child support guidelines because he has custody of the parties' children 50 percent of the time under the parties' shared parenting plan. The magistrate found that a deviation would not be in the best interest of the children and denied the requested deviation. Zachary filed timely objections to the magistrate's decision including an objection to the magistrate's refusal to deviate from the standard child support guidelines. Although the trial court sustained some of Zachary's objections, it overruled his objection to the denial of his requested deviation. This appeal followed.

**{¶4}** In his sole assignment of error, Zachary argues the trial court abused its discretion when it found there should be no deviation from the standard child support guidelines. He contends that because he has custody of the children 50 percent of the time, a deviation was warranted under R.C. 3199.22.

**{¶5}** A trial court has broad discretion to calculate child support, and, absent an abuse of discretion, an appellate court will not disturb a child support order. *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 1997-Ohio-105, 686 N.E.2d 1108.

**{¶6}** The amount of child support calculated using the child support guidelines and worksheet is rebuttably presumed to be the correct amount of child support, although the trial court may deviate from that amount. R.C. 3119.03; *Marker v. Grimm*, 65 Ohio St.3d 139, 601 N.E.2d 496 (1992), paragraph one of the syllabus.

**{¶7}** R.C. 3119.24(A) applies in the case of shared parenting. Under R.C. 3119.24, the trial court may deviate from the amount of child support in the worksheet if it determines the guidelines amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria listed in R.C. 3119.23.

**{¶8}** Zachary argues the trial court erred in failing to find a deviation was warranted under R.C. 3119.22, which provides as follows:

> The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors

and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child.

{¶9} In determining whether to deviate from the child support schedule, R.C. 3119.23 requires the court consider the following factors:

(A) Special and unusual needs of the children;

(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;

(C) Other court-ordered payments;

(D) Extended parenting time or extraordinary costs associated with parenting time, provided that this division does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;

(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;

(F) The financial resources and the earning ability of the child;

(G) Disparity in income between parties or households;

(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;

(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;

(J) Significant in-kind contributions from a parent, including,

but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;

(K) The relative financial resources, other assets and resources, and needs of each parent;

(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;

(M) The physical and emotional condition and needs of the child;

(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;

(O) The responsibility of each parent for the support of others;

(P) Any other relevant factor.

{¶10} The court considered these factors and concluded that a deviation from the guidelines support amount would not be in the children's best interest. The parties stipulated that the children do not have any special needs. There is no evidence that Erin has access to financial resources from other sources or that Zachary is burdened with any extraordinary costs associated with the parenting time. Zachary's income is significantly larger than Erin's, and there is no evidence that Zachary has any other court-ordered support payments. Although a shared parenting plan is involved, no automatic credit in the support order is warranted. *Epitropoulos v. Epitropoulos*, 10th Dist. No. 10AP-877, 2011-Ohio-3701, ¶ 27, citing *Pauly*, 80 Ohio St.3d 386,

1997-Ohio-105, 686 N.E.2d 1108 (the statutory scheme does not provide for an automatic credit in child support obligations under a shared parenting order). We therefore find no abuse of discretion in denying the requested deviation from the standard child support guidelines.

{¶11} The sole assignment of error is overruled.

{¶12} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

JAMES J. SWEENEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR