[Cite as *Ferriot v. Noga*, 2016-Ohio-7949.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| JOSEPH FERRIOT II | | C.A. No. 28136 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALICIA NOGA | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No. DR-2014-03-0846 |

DECISION AND JOURNAL ENTRY

Dated: November 30, 2016

HENSAL, Judge.

{¶1} Joseph Ferriot appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that ordered him to pay child support to Alicia Noga. For the following reasons, this Court reverses.

I.

{¶2} Mr. Ferriot and Ms. Noga have two minor children together. They have never been married. In March 2014, Father filed a complaint, seeking to establish a parent-child relationship with the children as well as an allocation of parental rights and responsibilities. Although the parties eventually agreed to shared-parenting, with each parent having equal time with the children, the case proceeded to a hearing before a magistrate regarding child support. Following the hearing, the magistrate recommended that Father pay Mother approximately $350 a month in child support. The trial court adopted her decision that same day. Father objected to the magistrate's decision, arguing that she had miscalculated his income and incorrectly ordered

him to pay support when Mother has the higher income and they spend equal time with the children. The trial court, however, overruled his objections. Father has appealed, assigning four errors. This Court has reordered and combined some of the assignments of error for ease of consideration.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY FAILING TO ISSUE PROPER FINDINGS OF FACT AND CONCLUSIONS OF LAW EXPLAINING HOW OR WHY THE MAGISTRATE DETERMINED THAT MR. FERRIOT SHOULD BE THE CHILD SUPPORT OBLIGOR.

{¶3} Father argues that the trial court failed to make sufficient findings of fact to justify making him the obligor parent even though he makes substantially less than Mother. Citing Civil Rule 52, he argues that the court must make enough findings of fact to form an adequate basis for its decision.

{¶4} Rule 52 provides that, "[w]hen questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise * * *, in which case, the court shall state in writing the findings of fact found separately from the conclusions of law." Upon review of the record, we note that the journal entry that overruled Father's objections to the magistrate's decision includes two pages of factual findings. To the extent that Father believes that those findings were insufficient to establish why he should be the obligor for child support purposes, we note that he did not request additional findings of fact under Rule 52. Accordingly, we cannot conclude that the trial court erred by failing to include more factual findings in its decision. *See Scarbrough v. Scarbrough*, 9th Dist. Lorain No. 00CA007743, 2001 WL 808974, *7 (July 18, 2001). Father's first assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AS A MATTER OF LAW BY BASING FATHER[']S CHILD SUPPORT OBLIGATION ON NON-RECURRING INCOME.

{¶5}     Father argues that the trial court incorrectly included the amount that his business deducted for depreciation in his income.  Father testified that he is self-employed and runs a snowplowing and lawn care business.  Each month he withdraws $850 from the business's profits to pay his personal expenses.  According to his tax returns, after those withdrawals and other expenses, the business made $2,914 in 2014.  That figure, however, included a deduction of $8,287 that Father took for depreciation of the value of his business's equipment by virtue of it being one-year older.  Finding that the depreciation was only a "paper loss," the trial court added $8,287 to Father's income in the child support worksheet.

{¶6}     Father argues that the $8,287 should not have been included in his income because it is a non-recurring or unsustainable income or cash flow item under Section 3119.01(C)(8).  He argues that the depreciation deduction was a tax-only transaction that does not occur on a regular recurring basis.  The problem with Father's argument, however, is that depreciation is not income, it is an expense or loss.  Section 3119.01(C)(9)(a) specifically includes "depreciation expenses of business equipment" in its definition of "[o]rdinary and necessary expenses incurred in generating gross receipts[.]"[1]  There is no language in the definition of "[g]ross income" or "[n]onrecurring or unsustainable income or cash flow item" that would suggest that the depreciation of assets constitutes income.  Based on the argument in

---

[1] Mr. Ferriot has not argued that the depreciation amount should have been excluded from his income because his income was "[s]elf-generated income" under Section 3119.01(C)(13), which excludes ordinary and necessary expenses incurred in generating gross receipts such as depreciation.

Father's appellate brief, we cannot conclude that the trial court erred when it included his business's $8,287 depreciation expense in his income. Father's third assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY RULING THAT MR. FERRIOT SHOULD BE THE CHILD SUPPORT OBLIGOR, SUCH A RULING WAS UNREASONABLE, ARBITRARY AND CAPRICIOUS.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED BY FAILING TO GRANT MR. FERRIOT A DEVIATION IN CHILD SUPPORT BASED ON EVIDENCE NOT FOUND IN THE RECORD.

{¶7} Father argues that the trial court incorrectly made him the obligor parent even though he has as much time with the children as Mother and makes less than her. He also argues that, even if the court did not err in naming him the obligor, it should have deviated the amount of child support he owes in light of the amount of time he spends with the children.

{¶8} In general, "a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *Pauly v. Pauly*, 80 Ohio St.3d 386, 390 (1997). An abuse of discretion is more than an error of judgment; it connotes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). If the issue on appeal, however, "is whether the trial court correctly applied the child support statute, this Court employs a de novo standard of review." *Michaels v. Saunders*, 9th Dist. Lorain No. 14CA010604, 2015-Ohio-3172, ¶ 15. In addition, "an appellate court reviews the factual findings to support that award under a manifest-weight-of-the-evidence standard." *Havrilla v. Havrilla*, 9th Dist. Summit No. 27064,

2014-Ohio-2747, ¶ 13, quoting *Wallace v. Wallace*, 195 Ohio App.3d 314, 2011-Ohio-4487, ¶ 10 (9th Dist.).

{¶9} Father argues that the trial court supported its decision with findings of fact that are not supported by the record. In the magistrate's initial decision, she did not explain why Father would be the obligor. She did find that the amount that the worksheet calculated for Father was "just, reasonable, and in the best interest of the children." She also explained that she had considered a downward deviation, but decided against it because Father benefits from shared living expenses with his employed wife and defrays some of his expenses with his business accounts.

{¶10} Father objected to the magistrate's decision, arguing that there was no evidence that his wife contributed to his living expenses and that Mother also has shared living expenses with her fiancé. He also argued that the minimal personal expenses that his business pays for him does not come close to making up for the disparity in the parties' income. He further argued that he should not have to pay Mother when she has a higher income and more disposable cash than him.

{¶11} The trial court overruled Father's objections, noting that equal parenting time alone does not mandate a deviation in child support. It also noted that Father's business records were "not a model of clarity." In rejecting Father's objection about shared living expenses, the court explained that the magistrate's income determination was only based on his draw, his company's profits, capital gains, and depreciation. It also "note[d] that the salary paid by [Father] to his current wife is almost three times the amount of [his] draw."

{¶12} Upon review of the record, we note that there are inconsistencies in the findings made when considering Father's objections to the magistrate's decision. First, regarding

Father's shared-living-expenses objection, the record reflects that Father argued that the magistrate should not have cited his shared living expenses as a reason for rejecting a downward deviation in his child support obligation. He also argued that the magistrate's child support award would lead to an even greater disparity in their disposable cash. The trial court characterized the objections, however, as arguments challenging the magistrate's initial income calculation.

{¶13} Second, the trial court found that Father pays his wife over $30,000. Father's current wife testified that she makes approximately $30,000 working at a restaurant. She further testified that Father also pays her $300 a year to do his business's bookkeeping. There is no evidence in the record to suggest that Father pays his wife more than $300 a year.

{¶14} In light of the foregoing concerning the basis of Father's objections and the testimony from the hearing, we cannot say that the trial court properly analyzed whether Father should be the obligor spouse. We also cannot say that the trial court properly analyzed whether it should deviate from the child-support-worksheet calculation. We conclude that the child support award must be vacated, and this matter remanded to the trial court for further consideration. Father's second and fourth assignments of error are sustained.

### III.

{¶15} Father's second and fourth assignments of error are sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOSEPH A. KACYON, Attorney at Law, for Appellant.

LYNDA HARVEY WILLIAMS, Attorney at Law, for Appellee.